FRED C. LEROY and LEONA A. LEROY, a Married Woman, Joined by Her Husband and Next Friend, FRED C. LEROY, v. WILLIAM C. REYNOLDS and PITTMAN BUILDINGS' SUPPLY COMPANY, INC.

193 So. 843
Division A
Opinion Filed January 2, 1940
Rehearing Denied February 20, 1940

G. P. Garrett, for Appellants;

Robert L. Williams, for Appellees.

PER CURIAM.—This is an appeal from a final decree of the Circuit Court of the Ninth Circuit in and for Orange County.

It appears that Fred C. Leroy and his wife owned an undivided one-half interest by the entireties in two lots in Orlando. The other undivided half interest was owned by Ludd M. Spivey and his wife. The owners decided that they should construct a warehouse on the lots, and William C. Reynolds, a contractor, agreed to build the warehouse for $6,000. Plans and specifications were drawn and a contract was signed by Reynolds, Leroy, and Spivey, Leroy

signing Dr. Spiveys name as representative for him. Construction was begun, and in the course thereof, several changes were made in the specifications because of inability to obtain the materials called for or for other reasons.

Payments were to be made from time to time as the construction progressed, but after $5,490.62 had been paid, Leroy, who had been acting in the capacity of owner, refused to make any further payments, alleging a general dissatisfaction with Reynolds and with the work he had performed.

On November 13, 1937, J. A. Pittman, of Pittman Builders' Supply Company, filed notice of lien in the amount of $244.50 for work done and labor performed upon and for materials furnished Reynolds and used in the construction of the warehouse, naming Leroy and his wife as owners of the property.

On November 23, 1937, the following claim of lien was filed by Reynolds:

"William C. Reynolds who resides at 340 Broadway, Orlando, Orange County, Florida, being duly sworn says that in pursuance of a written contract with Fred C. LeRoy he furnished labor, services and materials for the construction of a building located on the West side of State Street in Orlando, Florida. That for the construction of said new building there was a contract price agreed upon in the sum of Six Thousand ($6,000.00) Dollars, of which amount there now remains due and unpaid the sum of Five Hundred and Fifteen ($515.00) Dollars; and for extras involved in the construction of said building, pursuant to the request of the owner, in which said owner authorized changes in specifications covered by said contract, there is due the additional sum of Two Hundred and Eighty ($280.00) Dollars; making the total amount now due and unpaid to

the said William C. Reynolds the value or sum of Seven Hundred and Ninety-five ($795.00) Dollars, on the following described real property situate in the City of Orlando, County of Orange, and State of Florida, particularly described as follows, to-wit: Lots Nos. 11 and 12 of Block "A," State Addition of Orlando, Orange County, Florida; owned by Fred C. LeRoy, whose interest in said described real property is fee simple ownership.

"He further says that the last item of labor, services, and materials was furnished and performed on the 14th day of November, 1937; and of the contract price above stated plus extras, there is unpaid the said amount of Seven Hundred ninety-five ($795.00) Dollars, for which amount he claims a lien on the real property herein described."

Leroy, being dissatisfied with the work done by Reynolds, claiming that the building leaked and was poorly constructed, and desiring it to be finished, hired another contractor, and paid him $116.00 to repair and complete the, building.

Reynolds and Pittman Builders Supply Company, appellees, filed bill of complaint against Leroy and his wife and Ludd M. Spivey and his wife. Defendants, appellants here, filed motion to dismiss, and the action was dismissed as to Spivey and his wife. Further pleadings and amendments thereto were filed, among which was a counterclaim by defendants for loss of time and loss of rents, as follows:

"Wherefore, the defendants having answered, do herewith file their cross bill of complaint and counterclaim, and say:

"That the plaintiff, William C. Reynolds, has shown himself entirely incompetent, which the defendants herein discovered only too late, to carry out the contract of the nature involved in these proceedings, and that he, the said

plaintiff, William C. Reynolds, has failed not only to carry out this contract, but has failed.in times past to carry out contracts entered into with others for the performance of work and the furnishing of certain materials on other properties; and that it has become necessary for other owners of property to secure other contractors or builders, or material men, to enter upon their premises to finish or complete other jobs attempted on the part of the plaintiff, said Reynolds. All of which the defendants will likewise show by the proper introduction of evidence.

Therefore, the defendants herein do herewith pray this Honorable Court that an order be entered in the premises, requiring the plaintiff, William C. Reynolds, to pay them the amount due and payable under them, for failure on his part to comply with the terms and conditions of said contract, and for the loss and damage sustained thereby, for the same; as will be more particularly shown by a statement of accounts between the parties, to the contract which is herewith attached to the bill of complaint. And plaintiffs herein do pray that a master be appointed by this Honorable Court for the purpose of determining what amount is due and payable unto the defendants herein, and that they may have such other and further relief as this Court may deem just and meet."

In a statement of accounts, filed by defendant, was this item: "Loss in rents to Jan. 4th, 1938 * * * $165.00."

Both this item and the counterclaim were, on motion, stricken from the pleadings.

The matter was submitted to a master, before whom testimony was taken, and whose findings in substance, were: (1) That with the exception of a $45.00 overcharge in one item, the charges for extras were reasonable; (2) that defendants should be allowed a credit of $143.50 for

materials purchased and for payment to the second contractor for repairing and completing the building; (3) that there was a balance due plaintiffs of $509.38 under the contract, and $235.00 for extras, less the credit of $143.50 allowed defendants; (4) that of the total sum due plaintiffs, $244.50 was due Pittman Builders' Supply Co.

The judge of the circuit court rendered final decree confirming in all respects the report of the master, and decreeing that said sums, together with interest, be paid plaintiffs within five days, or the property sold to make such payments.

The first question before us is whether or not it was error for the court to dismiss the bill of complaint as to Ludd M. Spivey and his wife and not as to Leroy and his wife. There was no notice of lien or claim of lien filed against Spivey and his wife, their interests being separate and apart from that of the Leroys, and the court was correct in dismissing as to them.

We must now determine whether or not the contractor and materialman can enforce a lien against the estate by the entireties, when the husband alone contracted for the erection of the building. In the case of English v. English, 66 Fla. 427, 63 So. 822, it is expressly held that the common law has been declared to be in force in this State except where modified by competent governmental authority. Under the common law, in an estate by the entireties, as it existed before the passage of the Uniform Mechanics Lien Act, Chapter 17097, Acts of 1935, neither the husband nor the wife, acting separately, could create a lien upon the property. Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 376; Agin v. Gainesville Planning and Coffin Co., 80 Fla. 679, 87 So. 63; Ferris-Lee Lumber Co. v. Fulghum, 98 Fla. 171, 123 So. 697. However, Section 12, Chapter

17097, *supra* (Sec. 5396 [11] C. G. L. Perm. Supp. 1936), provides:

"When the contract for improving real property is made with a husband or wife who is not separated and living apart from his or her spouse and the property is owned by the other or by both, the husband or wife who contracts shall be deemed to be the agent of the other to the extent of subjecting the right, title or interest of the other in said property to liens under this Act unless such other shall, within ten (10) days after learning of such contract, give the contractor and file with the clerk of the circuit court of the county in which the property is situated written notice of his or her objection thereto."

This statute modifies the common-law rule heretofore existing in this State, and in the case of Mechanics' Liens alone, one spouse, acting for the other, may bind the estate, where there is notice to the other spouse.

It is apparent that Mrs. Leroy knew of the contract, and by her failure to file such written notice with the contractor and with the clerk as the statute provides, she has consented to the contract, and her interest in the property is bound.

The joining of the sub-contractor with the contractor in this action has been questioned by appellants, their contention being that inasmuch as the materialman did not notify appellants of his intention to claim a lien until after all material for which he purports to claim such a lien has been furnished, he does not have a valid lien against the property. Appellants rely on Section 4, Chapter 17097, *supra,* as authority for the proposition that as no notice was filed within the time allowed in that section, no lien attaches. However, Section 16, Chapter 17097, *supra,* provides in part:

"The claim of lien may be filed at any time during the progress of the work or thereafter but not later than three (3) months after the final performance of the labor or services or the final furnishing of the materials by the lienor, dating from the last item of labor or services performed or of materials furnished by him."

. By the filing of a claim of lien under Section . 16, the materialman has a valid lien and is a proper party to this suit.

It is contended that the striking of the counterclaim for rents and loss of time from appellants amended answer, and the item "Loss of rents to January 4th, 1937 * * * $165.00" was reversible error. Such counterclaim as filed was wholly insufficient as a pleading under which to sustain any claim for loss of rents or loss of time. Such a claim should be specifically pleaded, and the failure to so specifically plead justified striking on. motion by appellees.

No error appearing, and equity and justice having been done all parties to the suit, the final decree of the circuit court is hereby affirmed.

Affirmed.

TERRELL, C. J., BUFORD and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

### ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing it is contended that the Court overlooked and failed to consider the proposition that the contractor failed to comply with the provisions of Sub-section 3 of Section 4 of Chapter 17097, Acts of 1935.

This was not overlooked.

The amended bill of complaint alleges: "That the plaintiff William C. Reynolds, has served upon the de-

fendants herein a written statement under oath showing the name of each lienor and other parties furnishing labor and materials used in the construction of said building, who have not been paid in full, and giving the amount due each of them for labor and services performed and materials furnished in the construction of said building; said sworn statement being so served upon said defendants by furnishing the same to the said Fred C. LeRoy; and also by furnishing a true copy of said statement to A. T. Mac-Kay, Esq., Attorney for Defendants herein; said statement being so served on the 2nd day of December, 1937; a true copy of said statement is attached hereto, and made a part hereof, marked Plaintiffs' Exhibit 'E.' Plaintiffs further show that the original service of said claims of liens upon the said defendant Fred C. LeRoy, also constituted service and notice upon his wife, Leona A. LeRoy."

The record shows that the interest of the LeRoys was held as an estate by the entireties.

The record shows stipulation at the trial as follows:

"Further stipulated by counsel that on December 2, 1937, a sworn statement of amounts due and payable for materials furnished in the construction of the building involved in this litigation was furnished by William C. Reynolds to the defendant, Mr. Fred C. LeRoy."

The fiction of law as to title to property as an estate by the entireties is based on the unity of husband and wife. The interest of the parties is indivisible. We, therefore, hold that the service of the statement required by the statute, supra, upon Fred C. LeRoy, the husband, constituted sufficient service on the owner.

Other matters insisted upon have been duly considered and found to be without merit.

Petition for rehearing denied.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.
BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.