79 So.2d 425 (1955)
Moses JOHNSON and Mary A. Johnson, his wife, and Janie Harris, Appellants,
v.
John M. ROBERTS et al., Appellees.
Supreme Court of Florida. Special Division B.
April 6, 1955.
Rehearing Denied April 22, 1955.
Harry F. Goodmark, West Palm Beach, for Moses Johnson and Mary A. Johnson, his wife.
Roebuck & Roebuck, West Palm Beach, for Janie Harris.
Holland & Smith, West Palm Beach, for appellees.
DREW, Justice.
The questions raised in this appeal require a consideration of the evidence which was taken before the lower court and on the basis of which the decree was rendered. It is apparent from the record that many witnesses appeared before the chancellor and testified with reference to whether the land involved in this proceeding was or was not the homestead of Mingo Roberts at the time of his death in 1931 and the many collateral issues involved in the litigation such as the question of whether the widow of Mingo Roberts, who continued to reside on the property following her husband's death, occupied the same as a life tenant or as a claimant of the fee simple title by virtue of a specific devise in the will of her late husband. While the record before us contains what appears to be most of the exhibits introduced in the trial of that cause, there is no authenticated transcript of the testimony to which we may turn for the purpose of disposing of the questions raised by appellants. There is an abortive attempt in the transcript to furnish this deficiency but such is wholly ineffectual for that purpose. Not having before us any authenticated transcript of the testimony taken before the lower court, the record affords no basis whatever for us to pass upon the questions raised in the appeal.
It is a fundamental premise in appellate procedure that the decree of the lower court comes to us with the presumption of correctness and that the burden is upon the appellant to show it is erroneous. This the appellants have wholly failed to do. The decree appealed from must be and the same is hereby affirmed.
MATHEWS, C.J., and TERRELL and THOMAS, JJ., concur.