108 So.2d 499 (1959)
MEADOWS SOUTHERN CONSTRUCTION COMPANY, Appellant,
v.
Joseph PEZZANITI and Angelena Pezzaniti, Appellees.
No. 527.
District Court of Appeal of Florida. Second District.
January 28, 1959.
*500 Fishback, Williams, Davis & Dominick, Orlando, for appellant.
Beardall, Gridley & Lewis, Orlando, for appellees.
KANNER, Chief Judge.
The source of this appeal is an order by the circuit court vacating a deficiency decree as it applies to the appellee, Angelena Pezzaniti, co-defendant in the trial court.
The suit involved the enforcement of an agreement to impose an improvement lien on real property owned as an estate by the entireties by the appellees, husband and wife. In its amended complaint, appellant asserted that certain improvement services had been performed by it upon the subject property, "pursuant to agreement with the defendant, Joseph Pezzaniti, a copy of said agreement being attached hereto, marked Exhibit C and made a part hereof by reference." Also attached as Exhibit D is the statement of the services rendered, directed only to the appellee-husband as the debtor. The court, after the cause had been tried, issued a final decree in the amount of $16,451 plus costs and ordered foreclosure and sale to satisfy its payment. The sale was held, with the appellant purchasing the property for $5,000. The court then entered an order confirming the sale and awarding a deficiency decree against appellees for the amount of $11,809.56.
The appellee-wife moved to vacate the deficiency decree as it concerned her for the reason that the contract upon which the suit had been based was not made, nor alleged to have been made, nor proved to have been made with her. In granting this motion, the court, after considering the amended complaint, determined that it failed to allege a contractual obligation sufficient upon which to base a deficiency *501 decree against the defendant, Angelena Pezzaniti.
The complaint of the appellant specified that services performed on appellees' property were pursuant to an agreement with the appellee, Joseph Pezzaniti. The written agreement under which the work was performed was signed by Joseph Pezzaniti but not by Angelena Pezzaniti, nor does the complaint allege that she was a party to the agreement. The gist of the complaint is, in fact, simply that certain services had been performed and improvements made on the property of both of the appellees at the instance of and under contract with only one of the appellees, the husband.
The governing statute in a case of this nature, section 84.12, Florida Statutes, F.S.A., sets forth that:
"When the contract for improving real property is made with a husband or wife who is not separated and living apart from his or her spouse and the property is owned by the other or by both, the husband or wife who contracts shall be deemed to be the agent of the other to the extent of subjecting the right, title or interest of the other in said property to liens under this chapter unless such other shall, within ten days after learning of such contract, give the contractor and file with the clerk of the circuit court of the county in which the property is situated written notice of his or her objection thereto."
Under the provisions of this statute, the trial court correctly held that the property of the appellee-wife was subject to the lien for the improvements made. The complaint brings the suit within the purview of section 84.12 because, under the husband's contract, he became his wife's agent and, she not having objected, her interest in the property was bound. The radius of this holding, however, and of the statute involved, reaches only to the property upon which the improvements were made, and the circumference or scope of such holding and statute does not include personal liability on the part of the non-contracting spouse to sustain a deficiency decree in the event the proceeds are insufficient to satisfy the lien. See LeRoy v. Reynolds, 1940, 141 Fla. 586, 193 So. 843.
Section 84.29, Florida Statutes, F.S.A., authorizes deficiency judgments or decrees on foreclosure of a lien of the nature here concerned under appropriate circumstances:
"If a lienor shall fail, for any reason, to establish a lien for the full amount found to be due him in an action under the provisions of this chapter, he may, in addition to the lien decreed in his favor, recover a judgment or decree in such action for such sums in excess of the lien as are due him or which he might recover in an action on a contract, against any party to the action from whom such sums are due him. A court, in any action heretofore or hereafter brought may, either before or after the adjudication of the demand, award a money judgment or decree in favor of any party. This shall not preclude the rendition of other judgments or decrees in the action. If, upon the sale of the real property under judgment or decree of a court of competent jurisdiction, there is a deficiency of proceeds to pay the amount of such judgment or decree, the judgment or decree may be enforced for the deficiency against any person liable therefor. Any payment made on account of any judgment or decree in favor of a party shall be credited on any other judgment or decree rendered in favor of that party in the same action."
Thus it is not contemplated, as applied to the instant suit, that a deficiency decree could rest elsewhere than on a contractual obligation. Mere subjection by one spouse of an estate by the entireties to a lien for improvements does not commit *502 the other spouse to the contractual obligation.
It is the position of the appellant that the joint answer by the appellees admitting the contract is sufficient to encumber the appellee-wife with personal liability. However, the effect of an admission in an answer does not extend beyond the scope of the allegation in the complaint, and a complaining party may not bottom his claim for relief on an admission contained in an answer unless the fact admitted was substantially alleged in the complaint. See 19 Am.Jur., Equity, section 275, p. 205; and 30 C.J.S. Equity § 347, p. 763. There was a complete failure to allege against the appellee-wife any contractual obligation or cause of action which could form the predicate for a deficiency decree.
Moreover, in connection with the argument that the wife is bound because in the answer she admitted the making of the contract, that admission was qualified in that it was directly involved and interwoven with several conditions interposed defensively. What appellant has attempted to do is to slice out for its own purposes a piece of the answer, that which is deemed favorable, and disregard that which is unfavorable.
It is clear, then, that since the amended complaint contained no sufficient predicate for charging the appellee-wife with such contractual liability, there is no prop upon which a deficiency decree against her can lean insofar as the pleadings are concerned. Under the authorities cited as applied to this equity suit, the admissions of the answer provide no panacea for the defects of the complaint itself. It must be recognized that the improvement lien provided for under section 84.12, Florida Statutes, F.S.A., insofar as it concerns a non-contracting spouse, is expressly limited to the extent of such spouse's right, title or interest in the property.
It is further contended by the appellant that the special master found that both the husband and wife entered into the contract and that, therefore, under the provisions of Rule 1.15(b), Florida Rules of Civil Procedure, 30 F.S.A., this cured the defect of failure in the complaint to allege a contract on the wife's part. Such contention is of no avail on this appeal. There is an assignment of error directed to the court's overruling of a finding of fact made by the master that the wife entered into a contractual obligation with appellant for the work on the land and also assignments of error that the order vacating the deficiency decree against the appellee-wife is contrary to the law and to the evidence. It is necessarily implicit in the chancellor's order vacating the deficiency decree as against the appellee-wife that the master's finding of fact as to the wife's entry into the contract was overruled. This appears to have been recognized by the appellant both through the assignments of error filed, including those hereinbefore enumerated, and through arguments made by appellant in its brief. Although reference is made in the briefs to the findings of the master, the transcript of testimony before the master is not included in the record on appeal and is not before this court. This was by specific direction of the appellant. In its directions to the clerk the appellant said, "Plaintiff hereby states that it does not deem necessary for the said appeal the testimony taken before the General Master." It is settled law that an appellate court having no access to the evidence taken at the trial cannot rule on its sufficiency or insufficiency. There could be no basis for this court to say that error was committed by the circuit court with reference to these findings of the master. Johnson v. Roberts, Fla. 1955, 79 So.2d 425; and Bolick v. Sperry, Fla. 1956, 88 So.2d 495.
The principles of law governing the particular situation here presented impel this court to the inevitable conclusion that there is no predicate shown in the record on appeal for a deficiency decree against the appellee-wife. The decree of the lower court comes to this court with the *503 presumption of correctness, and the appellant has failed to make error appear. The order of the chancellor vacating the deficiency decree against the wife is affirmed.
Affirmed.
ALLEN and SHANNON, JJ., concur.