119 So.2d 82 (1960)
BROWARD COUNTY PORT AUTHORITY, for the Use and Benefit of Arthur R. Cappelen, Formerly Doing Business As Beacon Light Paint and Wallpaper Corp., a Florida Corporation, and Arthur R. Cappelen, Individually, Appellants,
v.
F.M. RULE & COMPANY, a Florida Corporation; and American Casualty Company of Reading, Pennsylvania, Appellees.
No. 1604.
District Court of Appeal of Florida. Second District.
March 30, 1960.
*83 Sullivan, Musselman, Wyckoff & Cochran, Pompano Beach, for appellants.
McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellee, F.M. Rule & Co.
KANNER, Judge.
The court rendered summary judgment dismissing the complaint as having been prematurely brought, and the appeal is from the order so adjudicating.
The complaint dismissed was framed under two counts. In the first count, the plaintiffs asserted their claim under a subcontract with the defendant, F.M. Rule & Company, for labor, materials, and equipment used by the plaintiffs in painting certain transit warehouse sprinkler systems. Under this count, the plaintiffs averred that the original work specified by the subcontract had been completed and payment made, but that the present claim was for additional work specifically said to have been ordered and performed under the subcontract, as evidenced through extra work order sheets. It was also asserted that the subcontract and the additional work under it were entered into pursuant to a prime contract between F.M. Rule & Company and the Broward County Port Authority. The second count specified the same work in the same amount, together with the necessary materials and equipment. It alleged that the subcontract had been completed and that the work involved in the claim was performed under a new subcontract entered into between the plaintiffs and the defendants. A copy of the original subcontract and copies of the work orders for the extra work were attached to the complaint as exhibits.
F.M. Rule & Company, moving for summary judgment on the ground that the action was prematurely brought, submitted a supporting affidavit which set forth that under the terms of the subcontract, payment to the subcontractor was subject to certain provisions of the prime contract; that the subcontractor was to receive payment within five days after the prime contractor had been paid by the Broward County Port Authority; and that F.M. Rule & Company as the prime contractor had not received payment under its prime contract. It was asserted that, because of the port authority's failure to pay the contract price, a suit in chancery had been instituted by F.M. Rule & Company against the port authority as case number C 59 131 D. The *84 record and proceedings in case C 59 131 D, including the prime contract, were by reference incorporated in and made a part of both the motion for summary judgment and the affidavit. In opposition the plaintiffs filed a motion, together with an affidavit, supporting, primarily, the allegations of the second count of the complaint.
At the hearing on the motion for summary judgment, the plaintiffs, through counsel, announced the intention to withdraw and dismiss count one of the complaint and to dismiss the surety of F.M. Rule & Company as a party defendant. The court effectuated the announcement by granting the plaintiffs' motion, dismissing the first count, and dismissing the surety of F.M. Rule & Company as a party defendant. Obviously, the purpose of having the first count dismissed was to escape the allegations that the work involved in the present claim was done under the subcontract which purportedly was also connected with the prime contract, even though the claim as set forth in the first count was for the identical project and amount as set forth in the second count.
The hearing resulted in the court's entering a summary judgment, wherein it was found and determined as a matter of law from the record on the present cause and in case C 59 131 D, then pending also, that the claim set forth in the second count was for extra work under the subcontract and that, because of the provisions of the subcontract and of the prime contract, the plaintiffs' action was prematurely instituted. The court then dismissed the complaint, providing specifically that the judgment was conclusive of no other issue.
We may here pause to observe that this court is not provided with any copy of the prime contract. Yet the plaintiffs, through their assignments of error numbers four and five for reversal of the judgment, directly bring into consideration on this appeal provisions of the prime contract; and they have devoted considerable argument in their brief urging the inapplicability of these provisions. Not only do we perceive this omission, but we also note that we have before us for consideration no copies of the proceedings had in case C 59 131 D, expressly incorporated and made a part thereof by reference in the defendant F.M. Rule & Company's motion for summary judgment as well as in the supporting affidavit. This procedure was apparently not objected to by the plaintiffs. The trial judge's order was partially based upon the proceedings in the other case, including the prime contract.
Thus we are here asked by the appellants to determine whether the trial court's judgment was correct; and this we cannot do since the record before us is silent as to two of the considerations upon which he based his judgment, copy of the prime contract and record of the proceedings in case C 59 131 D. When resort to an appellate court is pursued, it thereupon becomes the duty of the appellant or his counsel to make the errors complained of clearly to appear through availing the court of a proper record of all the facts and circumstances pertinent to and connected with the asserted errors. Hoodless v. Jernigan, 1906, 51 Fla. 211, 41 So. 194. Where an appellant's points require a consideration of a record considered by the trial court and upon which the trial court based its decision, but such record is not brought before the appellate court through the appeal record, the contentions cannot be decided by the appellate court. See Greene v. Hoiriis, Fla. App. 1959, 103 So.2d 226. See also Meadows Southern Construction Co. v. Pezzaniti, Fla.App. 1959, 108 So.2d 499.
It is therefore clear that the plaintiffs, through their omissions, have created their own dilemma, and this court stands in no position directly to determine the correctness of the trial court's decision. The judgment is affirmed.
Affirmed.
ALLEN, C.J., and SHANNON, J., concur.