REVELS, P. B., Associate Judge.
The appellant Louis M. Penzi and appel-lee Louis David were stockholders in a corporation known as Seaboard Mushroom Company, Inc., and the appellant Penzi agreed to and did loan substantial sums of money to the corporation, and the corporation mortgaged certain property to the appellants which was owned by the appellees as an estate by the entireties. The appellee husband agreed to convey the property in question to the corporation, but the appellee wife was then living in Pennsylvania and later upon coming to Florida, after a business building had been erected upon the property, she refused to join with her husband in the execution of a deed to the corporation; the appellants claim an equitable lien against the property of the appellees on account of the money loaned to the corporation; the appellees defended on the ground that the wife was living separate and apart from her husband, and actually residing in Pennsylvania at the time the husband made the oral promises to convey the estate by the entireties to the corporation, and also appellee wife was without notice of the agreement or notice of construction of the building until after the building was occupied by the corporate enterprise, and therefore the estate by the entireties is not subject to a lien for the money advanced by the appellants to the corporation.
Under common law neither the husband nor the wife acting separately could create a lien upon the estate by the entireties; but this has been modified by Sec. 84.12, Florida Statutes, F.S.A. as follows:
“When the contract for improving real property is made with a husband or wife who is not separated and living apart from his or her spouse and the property is owned by the other or by both, the husband or wife who contracts shall be deemed to be the agent of the other to the extent of subjecting the right, title or interest of the other in said property to liens under this chapter unless such other shall, within ten days after learning of such contract, give the contractor and file with the clerk of the circuit court of the county in which the property is situated written notice of his or her objection thereto.”
Leroy, et al. v. Reynolds, et al., 141 Fla. 586, 193 So. 843, 845:
“This statute modifies the common law rule heretofore existing in this state, and in the case of mechanics’ liens alone, one spouse, acting for the other, may bind the estate where there is notice to the other spouse.”
*637 Petersen v. Brotman, Fla.App., 100 So.2d 821, 824:
“Since a married woman’s interest or property right in an estate by the entireties is her separate property, it does not comport with logic, nor with the tender solicitude with which our courts have protected the interests of married women to say that a wife’s interest or property right in an estate by the entirety could be divested by a contract executed with less solemnity than a contract for the release of her dower interest.”
It is purely a question of fact as to whether or not the appellee wife was living separate and apart from her husband and had any notice of the negotiations and construction of the building to determine if the ap-pellees’ property should be subjected to an equitable lien for money advanced to the corporation by the appellants. The lower court found that the appellee wife was residing in Pennsylvania during the period of negotiations and construction of the building involved and did not have any knowledge of the transaction between her husband and appellants and the newly created corporation, nor the construction of the building.
The trial court found in favor of the appellees on the facts involved in this case. .Factual findings of the trier of the facts will not be disturbed unless it is shown that there was a complete lack of substantial testimony to support the conclusions of the trial judge. The record on appeal discloses substantial material evidence to support the finding of the lower court and that the appellants failed to make out a case against the appellees by the preponderance of the evidence. It has been said many times by the Appellate Courts of Florida that a question of fact must be resolved by the trier of the facts. Chakford v. Strum, Fla., 87 So.2d 419, 420:
“His factual findings in favor of the appellee are entitled to the weight of a jury verdict and will not be disturbed unless it is shown that there is a total lack of substantial evidence to support his conclusions.”
See also MacGregor v. Sachs, et al., Fla., So.2d 426, 427; First Atlantic National Bank of Daytona Beach v. Cobbett, Fla., 82 So.2d 870.
It is accordingly our view that the decree appealed from should be and is hereby affirmed.
ALLEN, C. J., and KANNER, J., concur.