130 So.2d 90 (1961)
John E. BEST, Jr., Theodore A. Johnson, Leroy Jenkins, and B and J Janitor Supplies, Inc., a corporation, Appellants,
v.
Earl E. BARNETTE, Appellee.
No. 2356.
District Court of Appeal of Florida. Second District.
May 3, 1961.
Rehearing Denied May 31, 1961.
Hornsby & Newman, Orlando, for appellants.
Clark W. Jennings, Winter Park, for appellee.
KANNER, Acting Chief Judge.
A temporary injunctive order was entered against the defendants, appellants *91 here, restraining them from the operation of a janitorial supplies or services business in competition with plaintiff, appellee here. The interlocutory order appealed from was predicated upon violation of certain contracts which had been entered into between plaintiff and the defendants; it prohibited defendants from engaging in the mentioned business for a period of one year within a limited described geographical area.
The record before us indicates that numerous witnesses, including plaintiff and defendants, testified before the chancellor. The chancellor, in his temporary order, made certain findings from which flowed the decretal injunctive provisions. None of the testimony is presented in the appeal record, although certain phases of it are referred to in appellants' brief.
In an interlocutory appeal, no record on appeal is required other than certified copies of the appeal papers and the judgment or order appealed from. The appendices are required to contain full copies of all pleadings and other parts of the record needed for determination of the appeal. Rule 4.2, subd. d, Florida Appellate Rules, 31 F.S.A.
In the case of Broward County Port Authority for Use and Benefit of Beacon Light Paint & Wallpaper Corp. v. F.M. Rule & Co., Fla.App. 1960, 119 So.2d 82, we pointed out that when resort to an appellate court is pursued, it thereupon becomes the duty of the appellant or his counsel to make the errors complained of clearly to appear through availing the court of a proper record of the facts and circumstances pertinent to and connected with the asserted errors; and we further stated that when an appellant's points require a consideration of a record considered by the trial court and upon which that court based its decision, if such record is not brought before the appellate court through the appeal record, the contentions cannot be decided by the appellate court.
There is not contained in appellants' appendix the pertinent and material testimony which was before the chancellor and which directly entered into the determination of the restraining order issued. Consequently, this court finds itself in no position on this interlocutory appeal to determine the correctness of the chancellor's temporary injunctive order.
Affirmed.
SHANNON, J., and HENSLEY, ROBERT E., Associate Judge, concur.