PER CURIAM.
Final judgment for appellees, defendants in the trial court, eventuated from a pretrial conference held with respect to an action brought by appellants-plaintiffs for recovery of a sum claimed to be due for rent under a lease. The judgment shows that plaintiffs Gilson and defendants Murphy, Fearnley, and Yawn, together with their respective counsel, appeared at the conference, where the lease sued upon and a check drawn by the defendant Yawn were stipulated into evidence. It was then recited in the judgment “ * * * that the court after hearing argument of counsel for the respective parties, examining the file and being otherwise advised in the premises” then entered the judgment for defendants.
 Depositions of plaintiffs and of the defendant Yawn were taken and filed in the cause in the trial court. These are not made a part of the appeal record. Notwithstanding this, plaintiffs as appellants set out in their brief certain testimony from the deposition of the defendant Yawn which they employ as support for reversal of the judgment. Upon an appeal, it becomes the duty of the appellants or their counsel to make clearly appear the errors complained of through availing the court of a proper record of the facts and circumstances pertinent to and connected' with those asserted errors. So it is, where an appellant’s points require a consideration of the record which was before the trial judge and connected with his decision and where there is a failure to bring such record before the appellate court, the contentions of the appellant cannot be decided by the appellate court. Gross v. Gross, Fla.App.1961, 131 So.2d 487; Gaddis v. Atlantic Auto Rental, Inc., Fla.App.1961, 130 So.2d 295; Broward County Port Authority, etc. v. F. M. Rule & Company, Fla. App.1960, 119 So.2d 82; Greene v. Hoiriis, Fla.App.1958, 103 So.2d 226. Since this is the situation with which we are confronted; we cannot say that error was com *448 mitted by the trial court. It therefore follows that the judgment below is affirmed.
Affirmed.
KANNER, Acting Chief Judge, and ALLEN, J., and STURGIS, WALLACE E., Associate Judge, concur.