162 So.2d 668 (1964)
Amy Claretta BELFIELD and Edwin George Belfield, her husband, Appellants,
v.
Don M. LOCHNER and Clellah Lochner Jernigan, unmarried, Appellees.
No. 4214.
District Court of Appeal of Florida. Second District.
March 18, 1964.
Rehearing Denied April 23, 1964.
T.C. Cork, Clermont, and Arthur E. Roberts, Groveland, for appellants.
C. Arthur Yergey, of Yergey & Yergey, Orlando, for appellees.
PER CURIAM.
Appellees, Don M. Lochner and Clellah Lochner Jernigan, as plaintiffs below, sought to have the court set aside a deed dated January 8, 1952, made by their father, John C. Lochner, and joined in by their stepmother, then Amy C. Lochner, defendant-appellant, conveying certain property to John C. Lochner and Amy C. Lochner, his wife, and to the survivor of them. The chancellor decreed that the property described in the complaint was on January 8, 1952, homestead property to the extent of one-half acre of land and declared as null, void, and of no force and effect the deed in question as to Lots 2, 4, and 6 of Block 82, City of Clermont, less the west 4.8 feet of Lot 6 which he designated as being in excess of the half-acre exemption allowable under Article X of the Constitution of Florida, F.S.A. It was further determined that Amy Claretta Belfield, formerly Amy Claretta Lochner, as the widow of John C. Lochner, deceased, be decreed as owner of a life estate in Lots 2, 4, and 6 of Block 82 and the fee simple owner of the portion exceeding the constitutional homestead exemption as previously set out and that the plaintiffs, as the only children and heirs of John C. Lochner, be decreed as owners in fee simple of Lots 2, 4, and 6, Block 82, less the west 4.8 feet of Lot 6, subject to the life estate which had been decreed in favor of Amy Claretta Belfield, formerly Amy Claretta Lochner.
After the death of John C. Lochner, his widow, Amy C. Lochner, was married to *669 one Edwin George Belfield; from the final decree of the chancellor, these two have brought the present appeal.
From the record before this court, we find no basis for overturning the decree. We observe that there was entered a pretrial order in which the parties stipulated to certain matters. We further note, and it was conceded before this court, that at the final hearing, testimony was given by witnesses under the issues created and that this was not reported. The chancellor rendered an opinion, making certain findings of fact and conclusions of law upon which he based his final decree; it is apparent that testimony of the witnesses entered into the decision which he reached.
In bringing the appeal, appellants are encumbered with the obligation to make errors complained of clearly to appear through furnishing the court with a proper record of the facts and circumstances appertaining to and connected with the claimed errors. In considering the matters raised by an appellant, an appellate court must have before it the record under which the lower court arrived at its decision. See Johnson v. Roberts, Fla. 1955, 79 So.2d 425; Best v. Barnette, Fla.App. 1961, 130 So.2d 90; and Gilson v. Murphy, Fearnley and Yawn, Inc., Fla.App. 1963, 151 So.2d 447. As heretofore indicated, we have before us no transcript of the testimony considered and utilized by the chancellor, but the record consists only of plaintiffs' complaint, defendants' answer, the pretrial order, the opinion, and the final decree of the court. Since this is the situation with which we are confronted and since the final decree comes to this court with the presumption of correctness, we cannot say that reversible error was committed; consequently, the final decree below should be affirmed.
Affirmed.
SHANNON, Acting C.J., KANNER, J. (Ret.), and MELVIN, WOODROW M., Associate Judge, concur.