SHANNON, Acting Chief Judge.
Appellants Buddy and Patsey Holmes sued Appellee Shelby Mutual Insurance Company on a policy insuring them against collision and upset damage to their Binks air compressor pump. They now appeal from the judgment entered on a verdict directed against them.
It appears that the damage to the pump occurred when a truck in which it was being carried was involved in a collision. After the accident appellants obtained from Weeks Equipment Company a repair estimate in the amount of $326.35, and with appellee’s permission they authorized Weeks to proceed with the repair job. Weeks performed the task in such a manner as rendered the pump in a condition wholly unsatisfactory to appellants, and, as a result, appellants brought the suit which eventually led to this appeal.
Before commencement of the trial below appellee tendered into the registry of the court the sum of $356.35, representing the amount of the repair estimate plus an additional $30.00 offered in an attempt to settle the claim. On appeal appellants contend that this tender amounted to an admission of liability by appellee such as precluded the direction of a verdict in appellee’s favor.
The proper legal effect of such a tender is merely discontinuance of the accrual of interest and preclusion of assessment of costs and attorney’s fee against the tendering party. Williams v. Farm Bureau Mut. Ins. Co. of Mo., Mo.Ct.App.1957, 299 S.W.2d 587, 591. In any event a tender of a certain amount in full is not an admission that such amount is due as a part of a larger indebtedness. Schreiber v. Pacific Coast Fire Ins. Co., 1950, 195 Md. 639, 75 A.2d 108, 113, 20 A.L.R. 2d 951. Therefore, the jury could have properly returned a verdict of less than, as well as more than, $356.35. Because of the tender, however, a verdict of that amount or less would have been realistically a verdict for appellee, since appellants were entitled to at least the tendered amount regardless of the verdict. Accordingly, the tender did not preclude the possibility of a directed verdict against appellants.
Since the tender did not constitute an admission of liability, it was still incumbent upon appellants to prove not only their claimed damages but also appellee’s liability for such damages under the policy. Appellee moved for the directed verdict on the ground that appellants had failed to present any evidence showing such liability, and the trial court presumably granted the motion on that ground. The task of this court, then, would be to examine the correctness of that ruling.
It must be noted, however, that no copy of the policy appears in the record-on-appeal. An appellate court cannot judge the propriety of a ruling of a lower court where such ruling was necessarily based, at least in part, on a contract, no copy of which is contained in the record-on-appeal. Broward County Port Authority ex rel. Cappelen v. F. M. Rule & Co., Fla.App.1960, 119 So.2d 82, 84. We are, therefore, precluded from examining the correctness of the trial court’s ruling insofar as it was grounded on appellants’ *46 failure to prove appellee’s liability under the policy.
Consequently we must affirm the judgment below.
Affirmed.
PIERCE and HOBSON, JJ., concur.