ALLEN, Judge.
Appellant, plaintiff below, has appealed a final summary decree from the Circuit Court of Lake County.
Appellant, successor by merger with Institute for Essential Housing, Inc., filed its complaint against the appellees seeking to foreclose a mortgage on certain described real estate in Lake County, Florida. The appellees answered the complaint by denying the various allegations and setting forth certain alleged affirmative defenses.
Subsequently, appellees filed a Motion for Summary Judgment. After hearing argument by counsel for the parties, and considering the pleadings and affidavits filed in the suit, the chancellor granted appellees’ motion. This motion, in pertinent part, provides as follows:
“The Defendants, * * * move the Court to enter summary judgment for the Defendants, in accordance with the provisions of Rule 1.36 of the Florida Rules of Civil Procedure, on the ground that the pleadings, the Affidavits and Exhibits hereto attached, show that there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law.” (Emphasis ours.)
Pursuant to the appropriate appellate rule, appellant directed the clerk of the lower court to include in the Record-on-Appeal “Defendants’ Motion for Summary Decree with Affidavits and Exhibits attached thereto filed June 21, 1966.” (Emphasis ours.) Then appellant’s fifth assignment of error provides that “the Court erred in entering a Summary Decree in favor of the Defendants upon false statements in affidavits filed by both defendants * * *.”
We have searched the Record in vain to find the affidavits referred to in ap-pellees’ motion, appellant’s directions to the *504 clerk, and appellant’s assignment of error. The affidavits, which have been adverted to so much during the process of the appeal, are not contained in the record. We are, therefore, precluded from reviewing the correctness of the summary decree entered below.
This court, in the case of Geiger v. City of Leesburg, Fla.App.1966, 186 So.2d 260, relied on an opinion written by the late Judge Kanner and said:
“ * * * The well-established rule of law is succinctly found in the case of Broward County Port Authority for Use and Benefit of Cappelen v. F. M. Rule & Company, Fla. App. 1960, 119 So.2d 82, wherein it is stated:
“ ' * * * When resort to an appellate court is pursued, it thereupon becomes the duty of the appellant or his counsel to make the errors complained of clearly to appear through availing the court of a proper record of all the facts and circumstances pertinent to and connected with the asserted errors. Hoodless v. Jernigan, 1906, 51 Fla. 211, 41 So. 194. Where an appellant’s points require a consideration of a record considered by the trial court and upon which the trial court based its decision, but such record is not brought before the appellate court through the appeal record, the contentions cannot be decided by the appellate court. See Greene v. Hoiriis, Fla.App.1959, 103 So.2d 226. See also Meadows Southern Construction Co. v. Pezzaniti, Fla.App. 1959, 108 So.2d 499.’”
We have carefully considered the other assignments of error and find them to be without merit.
The final summary decree is, therefore, affirmed.
Affirmed.
LILES, C. J., and HOBSON, J., concur.