LESTER, Associate Judge.
 By this appeal, the appellant seeks to have this court determine the propriety of the trial court’s ruling that a contract entered into by the parties herein was, in fact, a contract of insurance, entitling the appellee to payment thereunder and attorney’s fees. This we cannot do, for the following reasons:
The contract sued upon has not been included in the record on appeal before this court and, where the ruling appealed is necessarily predicated upon said contract, we are precluded from ruling thereon. Broward County Port Authority v. F. M. Rule & Company, Fla.App.1960, 119 So.2d 82; Holmes v. Shelby Mutual Insurance Company, Fla.App. 1967, 203 So.2d 44. It is the responsibility and the duty of the appellant to provide the appellate court with a record sufficient to review the matter assigned as error. Merchants National Bank of Jacksonville, Florida v. Grunthal, 39 Fla. 388, 22 So. 685; Conlee Construction Company v. Cay Construction Company, Fla.App.1969, 221 So.2d 792; Dimun Investment, Inc. v. Citizens Federal Savings and Loan Association of Hialeah, Fla. App. 1970, 249 So.2d 63.
 In reviewing the record before this court, we find that the appellant did in fact direct the Clerk of the trial court to include in the record on appeal a copy of the contract sued upon, but that the Clerk was unable to do so because said contract was returned to the appellee, pursuant to the trial court’s order. Therefore, it would appear, upon a superficial examination, that the appellant had fulfilled his burden of providing this court with a complete record. However, the appellant’s duty does not end with filing its directions to the Clerk but *88 continues placing upon the appellant the overall duty of seeing to it that all things are done in due season to perfect the appeal in the manner prescribed by the rules. Where ministerial duties imposed on court officials are not timely and properly performed, the appellant is presumed to have knowledge thereof and it becomes his duty to take such affirmative action necessary to cause the ministerial acts to be performed and the record to be corrected. Moore v. Joseph, Fla.App.1962, 137 So.2d 584; Gulf Heating and Refrigeration Company, Inc. v. Iowa Mutual Insurance Company, Fla.1966, 193 So.2d 4. Having failed in this duty, the appellant herein cannot now contend the failure to provide a complete record for appeal purposes was not of his doing.
Therefore, as the appellant has failed to provide this court with a complete record, necessary for review of this cause, the judgment appealed is hereby affirmed.
Affirmed.