CHARLES CARROLL, Chief Judge
(concurring in part and dissenting in part.)
“I concur in the judgment affirming the holding that a lien was established against the affected property of the owner and affirming the granting of a money judgment against the owner, for the value of materials supplied by the plaintiff to the sub-contractor, since the statute expressly so authorizes. However, in my opinion the trial court committed error in granting the plaintiff a money judgment against the contractor, because the statute does not make provision for it. The materj^lman contracted with the sub-contractor. It had no contract with the defendant' contractor, Wesley Construction Co. In the absence of privity, the materialman was not entitled to obtain a money judgment against the contractor, unless the statute conferred that right, which it did not. The personal judgment against the general contractor should be reversed.”
Judge Rawls and Judge Carroll have correctly answered the question. The personal judgment against the general contractor under our mechanics’ lien law must be based on some contract or other privity or pursued on some different basis such as unjust enrichment, estoppel, fraud, no-vation or other legal ground, none of which is present here; or on a surety bond as in King v. Ramsey, 66 Fla. 257, 63 So. 439 (1913).
The conflict is clear between the present case and the earlier Second District opinion in Meadows Southern Const. Co. v. Pezzaniti, 108 So.2d 499 (Fla.App.2d 1959), wherein the opposite result was reached in disallowing a personal judgment on a mechanics’ lien foreclosure against the wife where only the husband had contracted for the improvement on an estate by the entireties. It is true that the relationships are different but the principle is the same. *371 Meadows rested its result of non-liability squarely on the absence of contract, stating at p. 502:
“It is clear, then, that since the amended complaint contained no sufficient predicate for charging the appellee-wife with such contractual liability, there is no prop upon which a deficiency decree against her can lean insofar as the pleadings are concerned. . . . ”
Meadows also cited mechanics’ lien statute § 713.28, F.S.A., (then § 84.29) for personal and deficiency judgments: “If a lienor shall fail, for any reason, to establish a lien for the full amount found to be due him.” Then he may recover a judgment “against any party liable therefor for such sums in excess of the lien as are due him or which he might recover in an action on a contract against any party to the action from whom such sums are due him.” (Obviously basing such right of personal judgment upon a contract relationship, and then only if the lien is not fully established, as the predicate to such a personal judgment.)
This is not our situation here, as able briefs of amicus curiae (who was also amicus curiae in Canada Dry) succinctly reveal in a broad analysis of this question which we now put to rest.
The same language in the statutory provision of § 85.021 for enforcement of liens by persons not in privity speaks of liability for “the amount due by him” and also for judgment “against the contractor or other person for whom the labor or materials were furnished for the amount due by him.” There being no amount “due by” the contractor, there is no statutory predicate for a personal judgment against him but only for the lien against the property and any personal judgment against an owner or on a bond.
The section numbers of our mechanics’ lien law, and its content in some areas, have since been changed but these do not vary the present result under mechanics’ lien law provisions.
With this holding consistent with Meadows and contrary to the Canada Dry result, it accordingly follows that the holding against the general contractor for personal judgment in Canada Dry is no longer a binding precedent in the courts of this state.
Upon this clear conflict the petition for certiorari is granted and the decision of the district court is quash.ed with instructions to reverse summary final personal judgment against the general contractor and to enter summary final judgment in its (petitioner’s) favor.
It is so ordered.
CARLTON, BOYD and McCAIN, JJ., concur.
ROBERTS, C. J., and ERVIN and ADKINS, JJ., dissent.