272 So.2d 9 (1973)
Victor D. HOLLANDER, Appellant,
v.
NOLAN BROWN MOTORS, INC., Appellee.
No. 72-316.
District Court of Appeal of Florida, Third District.
January 15, 1973.
*10 Philip F. Ludovici, Miami, for appellant.
Daniel V. Ligman, Coral Gables, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal by the plaintiff below from a judgment entered on a verdict in favor of the defendant Nolan Brown Motors, Inc., directed at the close of the plaintiff's case.
Plaintiff delivered his automobile to the defendant at its place of business, to have the wheels aligned and for lubrication. Some time that day, while the vehicle was stored on defendant's business premises, either before or after the repair and servicing (the record not revealing which) the car was removed or stolen therefrom by a person or persons unknown. This action was by the plaintiff to recover the value of the vehicle.
The appellant has not supplied a record of the trial proceedings, other than four pages which reveal presentation and argument of the motion of the defendant for directed verdict and the colloquy of counsel and the court thereon.
The appellant contends that the granting of the directed verdict by the court was error in that it was based on an incorrect application of law. The portion of the record submitted reveals the trial court, on considering the motion for directed verdict, stated "unless you can both make or show a standard of care in a community, you have not shown the standard of care required. You could have brought in from outside Nolan Brown and established a standard within the community of dealers."
Without necessity to decide whether the trial court proceeded on an inapplicable rule of law, if the judgment is sustainable on other grounds it should be affirmed. Jaffe v. Endure-A-Life Time Awning Sales, Inc., Fla. 1957, 98 So.2d 77; In re Estate of Yohn, Fla. 1970, 238 So.2d 290.
The defendant was a bailee of plaintiff's automobile. The test of liability of a bailee for entrusted goods which are lost or stolen is whether the bailee exercised that degree of care toward the goods that a reasonably prudent person would bestow on his own goods. 4 Fla.Jur., Bailments, § 9; 15 Fla.Jur., Garages, Filling and Parking Station, and Liveries, § 18.
In the absence of a record revealing the evidence presented by and on *11 behalf of the plaintiff, we cannot determine whether a sufficient showing was made by plaintiff to make a prima facie case under the applicable law, and the appellant is not in position to demonstrate error in the challenged ruling of the trial court, which comes here with a presumption of correctness. See Broward County Port Authority for Use and Benefit of Cappelen v. F.M. Rule & Company, Fla.App. 1960, 119 So.2d 82; Gilson v. Murphy, Fearnley & Yawn, Inc., Fla.App. 1963, 151 So.2d 447; Latin American Benefit Center, Inc. v. Johnstoneaux, Fla.App. 1972, 257 So.2d 86.
The judgment is affirmed.