# ST. PIERRE v. COURTESY AUTO PLAZA SERVICE, INC.
## Case No. 84-982-SP
County Court, Indian River County

April 16, 1985

### APPEARANCES OF COUNSEL

**Richard J. Saliba** for plaintiff.

**Diana Parker** for defendant.

### OPINION OF THE COURT

DANIEL M. KILBRIDE, County Judge.

This cause came on for trial on March 6, 1985, upon the pleadings filed herein, and all parties having been present and represented by counsel at trial and the Court having heard and considered argument of all parties and the testimony of witnesses and the Court being otherwise fully advised in the premises finds as follows:

1. That a bailor-bailee relationship existed between Plaintiff and Defendant at the time of the Plaintiff's loss.

2. That the bailment was for the mutual benefit of the Plaintiff and the Defendant.

3. That the Defendant, as bailee, was required to exercise that degree of care toward the Plaintiff-Bailor's property that a reasonable prudent person would bestow on his own property. *Fruehauf Corp. v. Aetna Insurance Co.*, 336 So.2d 457 (Fla. 1st DCA 1976).

4. That the Defendant-Bailee failed to exercise the requisite degree of care toward the Plaintiff-Bailor's property and was negligent in the custody and care of Plaintiff-Bailor's property, in that:

a) Plaintiff specifically informed the Defendant while the vehicle was in the Defendant's possession, care and control that the Plaintiff owned a Kenmore Security system and he requested the Defendant secure and protect his Kenmore Stereo System.

b) Defendant agreed to do so aware of the fact that the window in the car had been broken as a result of the accident.

c) Defendant did not secure the broken window and the stereo system in the vehicle was taken while the same was in the care, custody and control of the Defendant.

d) Defendant allowed access during the daylight hours to the general public in that certain area where the vehicle was located. Such access was allowed with Defendant aware of the vehicle's broken window creating opportunity for ready access to the vehicle. Such access was subsequent to the Plaintiff's request that said vehicle be secured to insure the safety of the stereo system and his personal belongings and subsequent to Defendant's assurances, by and through its employees and agents that it would be secured.

e) As a result of the Defendant's negligence and lack of the exercise of ordinary care, the Plaintiff sustained the loss to his stereo. *Golden v. South Broward Club*, 49 Fla. Supp. 35 (1979); *Brand v. le Club International et al.*, 47 Fla.Supp. 126 (1978).

5. The proper measure of damages for loss of personal property is its market value on the date of the loss. *McDonald Air-Conditioning, Inc. v. John Brown, Inc.*, 285 So.2d 697 (Fla. 4th DCA 1973).

a) Competent substantial evidence established the value of the stereo system at $450.00.

WHEREUPON it is adjudged that the Plaintiff, Wayne St. Pierre, recover from the Defendant, Courtesy Auto Service, Inc., the sum of $450.00 together with cost in the sum of $43.50 for a total of $493.50 for which let execution issue.