ALTENBERND, Judge.
The Harbour Watch Homeowners Association, Inc., appeals a final judgment that denied its request for a mandatory injunction to enforce a deed restriction against Mr. and Mrs. Derderian. We affirm.
The Derderians own a home in Fairfield’s Pointe Alexis North, a development in Tarpon Springs, Florida. This home is subject to certain deed restrictions, recorded in a document entitled the “Declaration of Conditions, Covenants and Restrictions for Fairfield’s Pointe Alexis North.” One of the deed restrictions states:
All signs, billboards and advertising structure of any kind are prohibited provided, that this prohibition shall not apply to the Developer. After Developer no longer owns any Parcels, the Association may approve appropriate For Sale signs.
The homeowners association filed this lawsuit to enjoin the Derderians’ display of a single “for sale” sign. Although the association has chosen to provide no transcript of the trial and the record on appeal is sparse, we have reviewed the photographs and other exhibits that were introduced into evidence. The photographs reveal that the Derderians’ small sign is posted on the inside surface of a second-story window. The photographs indicate that many other small signs are posted in the neighborhood.
While declining to issue a mandatory injunction in this context, the trial court did not declare the deed restriction to be facially invalid. Instead, it made a case-specific finding that the prohibition against “for sale” signs placed an unlawful burden on the Derderians’ implementation of their right to sell the property.
Because the trial court’s order refers to a right to sell the property, the homeowners association assumes that this case is controlled by the rules governing restraints on alienation. It correctly observes that the rule against restraints on alienation precludes “only unlimited or absolute restraints on alienation.” Seagate Condominium Ass’n v. Duffy, 330 So.2d 484, 485 (Fla. 4th DCA 1976) (emphasis original). It maintains that this restriction is valid, as a matter of law and without regard to the evidence at trial, because it is not such an absolute restraint.
This restriction, however, does not directly restrict alienation. It restricts the homeowners’ use of their property to promote its sale. The trial court did not void this restriction or prohibit the association from future efforts to control “for sale” signs. It simply exercised its authority to review such a use restriction under the facts of a specific case, and declined to issue injunc-tive relief. See Seagate Condominium. See generally Note, Community Association Use Restrictions: Applying the Business Judgment Doctrine, 64 Chicago-Kent L.Rev. 653 (1988) (discussing alternative standards of review). Without a complete record of the evidence in this case, the homeowners association, as appellant, cannot establish any error in this case. See Cohen v. Cohen, 70 So.2d 362 (Fla.1954); Certain-Teed Prods. Corp. v. Frazier, 203 So.2d 503 (Fla. 2d DCA 1967); Davis v. Zona, 198 So.2d 43 (Fla. 2d DCA 1967).
Affirmed.
PARKER, A.C.J., and PATTERSON, J., concur.