PER CURIAM.
The plaintiff, State Farm Fire & Casualty Company [State Farm], as subrogee of Luis and Susan Bulas, appeals from the trial court’s order granting final summary judgment in favor of the defendant, Bill Ussery Motors Inc. [Bill Ussery]. We affirm.
Luis and Susan Bulas took their Mercedes Benz to Bill Ussery for an oil change and routine maintenance. The technician that was servicing the vehicle parked it in a parking lot across the street from Bill Ussery’s main facility. This lot was used by Bill Ussery to service vehicles and for employee parking. This lot was also within view of the Coral Gables Pohce Department. The technician was under the hood checking the transmission fluid when two women, one, armed with a gun, and the other, carrying a bottle of mace, approached him. The women held him at gunpoint and stole the vehicle.
The vehicle was insured by State Farm, and State Farm paid the Bulas’ insurance claim. Thereafter, State Farm filed suit as subrogee against Bill Ussery for neghgent bailment. Bill Ussery answered and raised the defense that the loss of the vehicle was caused by an intervening criminal act, not by the defendant’s negligence. The trial court granted final summary judgment in favor of Bill Ussery. This appeal follows.
“A bailee is not an insurer of the property delivered into its keeping and is not hable for the loss of the thing bailed, except where there is a breach of the duty of the requisite degree of care.” Fruehauf Corp. v. Aetna Ins. Co., 336 So.2d 457, 459 (Fla. 1st DCA 1976). “ ‘The test of liability of a bailee for intrusted goods which are lost or stolen is whether the bailee exercised that degree of care toward the goods that a reasonably prudent person would bestow on his own goods.’ ” Fruehauf Corp., 336 So.2d at 459 (quoting Hollander v. Nolan Brown Motors, Inc., 272 So.2d 9 (Fla. 3d DCA 1973)).
The undisputed facts do not demonstrate that the bailee, Bill Ussery, was guilty of neghgenee in respect to the theft of the vehicle. Additionally, the undisputed evidence shows that the vehicle disappeared solely as a result of an intervening criminal act perpetrated by armed robbers while the vehicle was being serviced by the bailee’s employee. Under the circumstances of this case, the trial court correctly granted Bill Ussery’s motion for summary judgment where, as a matter of law, Bill Ussery did not *482 breach the requisite duty of care for a bail-ee.[1]
Affirmed.

. State Farm’s reliance on Aetna Casualty & Surety Co. v. Pappagallo Restaurant, 547 So.2d 243 (Fla. 3d DCA 1989), is misplaced. Aetna Casualty is distinguishable since in Aetna Casualty there was no evidence or witness that could describe how the theft actually occurred, whereas, in the present case, there is no dispute as to how the theft actually occurred.