PER CURIAM.
Floyd W. Reynolds, the plaintiff husband, sought a decree of divorce from the defendant wife, Hazele M. Reynolds, who resisted and entered a counterclaim for separate maintenance. The court declined to grant a decree of divorce but rendered one for separate maintenance, from which the husband has brought this appeal.
Through his appeal points, appellant complains about the insufficiency of the allegations of the counterclaim, the inadequacy of *189 proof to sustain the counterclaim, and the awarding of $5,000 as attorney fee to the wife’s attorney.
Although the assertion is made by appellant that the allegations of the counterclaim failed to state a right to relief by appellee, at no time below was any attack made against the counterclaim. The case was heard upon the merits; and this point of deficiency of the counterclaim is raised for the first time on the appeal. We find no merit to the contention.
As to the failure of proof, there were a number of witnesses who gave testimony bearing upon the issue of whether or not a separate maintenance decree should be awarded to appellee. The chancellor granted his decree based upon the total testimony which he heard. In the appeal record brought here, appellant, through his directions to the court reporter, has limited the testimony to a transcript of that given only by the parties themselves, together with certain evidence relative to attorney’s fee. Since we do not have before us a complete transcript of the testimony upon which the chancellor rendered his decree on the separate maintenance phase, there is no basis upon which this court can say that error was committed by the chancellor. See Trustees of Internal Improvement Fund v. Toffel, Fla.App.1962, 145 So.2d 737; Best v. Barnette, Fla.App.1961, 130 So.2d 90; Robinson v. Foland, Fla.App.1960, 124 So. 2d 512; Broward County Port Authority, etc. v. F. M. Rule & Co., Fla.App.1960, 119 So.2d 82; Greene v. Hoiriis, Fla.App.1958, 103 So.2d 226.
As to the amount of attorney’s fee, appellant argues that the chancellor abused his discretion in awarding the sum of $5,000 as allowance for fee to appellee’s attorney. The evidence shows that the husband had and operated two bearing citrus groves representing a total of 180 acres and was the owner and operator of a cattle business, as well as a grove caretak-ing business involving extensive equipment which he had purchased. From the two citrus groves, he received for the year preceding entry of the decree $68,000, in addition to income from other assets. Further, his net worth was approximately $216,000. There appears to this court to have been no abuse of judicial discretion in allowance of the attorney fee in the mentioned sum.
A study of the total record brought here reveals no reversible error.
Affirmed.
SMITH, C. J., KANNER, J., and SMITH, CULVER, Associate Judge, concur.