PER CURIAM.
By this appeal, the appellant seeks review of a final decree denying him a divorce on his original complaint and finding for the wife on her counterclaim for separate maintenance. The appellant has preserved three points for review: 1) The propriety of the chancellor’s final decree denying him a divorce. 2) The propriety of the final decree awarding separate maintenance to the wife and incorporating therein the provisions of a property settlement agreement. 3) The award of attorney’s fees.
*33 Prior to the institution of the divorce suit, the parties entered into what was styled a “Property Settlement Agreement”.[1] At the time of the filing of the divorce action, the property settlement agreement had been executed in almost all material respects by the parties dividing the properties which had been held in their individual names and in their joint names, pursuant to the provisions of the agreement. And, from the evidence, it appears that the contract in no wise was contingent on the dissolution of the marriage, this provision having been specifically stricken from the agreement because such a contingency would have made it invalid. See Potter v. Potter, 101 Fla. 1199, 133 So. 94; Allen v. Allen, 111 Fla. 733, 150 So. 237; 10 Fla.Jur., Divorce, Separation and Annulment, § 184.
The chancellor’s decree arrived in this court with a presumption of correctness. See: Bennett v. Bennett, Fla. App.1962, 146 So.2d 588; Dings v. Dings, Fla.App.1964, 161 So.2d 227. It was incumbent upon the appellant to demonstrate error in the determination of the issues by the chancellor. See: Tyler v. Tyler, Fla. App.1959, 108 So.2d 312; Cole v. Cole, Fla.App.1961, 130 So.2d 126. If there is substantial, competent evidence to support the chancellor’s final decree it should be affirmed. See: Bruggisser v. Bruggisser, Fla.App.1961, 133 So.2d 654; Cherney v. Cherney, Fla.App.1962, 146 So.2d 914. Examining the record in light of these principles, we find no error in the chancellor’s final decree denying the divorce and granting the relief sought by the counterclaim. The evidence was insufficient to grant the husband a divorce and was sufficient to sustain the wife’s counterclaim. However, in view of the fact that the record revealed and the chancellor found that the wife had ample funds to support herself because of the property settlement agreement entered into prior to the institution of the suit, it was erroneous to award the benefits of said agreement as alimony which would have been in the nature of a “lump sum” award. Under the circumstances, such an inclusion in the decree, at most, constitutes harmless error and should be considered mere sur-plusage in the final decree, as the wife derived her property rights from the prior settlement agreement and not f.rom the chancellor’s decree.
*34 As to the complained of error in the award of attorney’s fees, it appears that although the wife might not have been entitled to same in prosecuting her counterclaim for separate maintenance [in view of the provisions of the settlement agreement], she certainly was entitled to them in defense of the' divorce proceedings which she successfully resisted. The reasonableness of the fees is not before us properly, because the record upon which they were awarded has not been brought before us for review. See: Downing v. Bird, Fla.App.1962, 145 So.2d 559; Worcester Mutual Fire Insurance Company v. Eisenberg, Fla.App.1962, 147 So.2d 575; Reynolds v. Reynolds, Fla.App.1963, 155 So.2d 188; Gleim v. Gleim, Fla.App.1965, 176 So.2d 610 (opinion filed June 29, 1965).
Therefore, for the reasons above stated, the final decree here under review is hereby affirmed, except as indicated as to the propriety of including as alimony to the wife that which she already had by virtue of the property settlement agreement.
Affirmed.

. * * * * * *
“WHEREAS disputes have arisen between Husband and Wife as a consequence of which the parties are now separated and living apart, and
3C * * $ *
“WHEREAS the parties herein own various interests in certain partnerships which are now the owners of certain realty located in the State of New York, and that the parties own other assets in their individual names, and
“WHEREAS the parties are now desirous of settling, adjusting and compromising all questions of property rights and interest therein, as well as all matters of support, maintenance and all other related matters.
* * * * *
“8. That the conveyance by the Husband to the Wife of the above described property shall be considered as a lump sum award of alimony to the Wife who agrees to accept same and upon the Husband’s execution of the proper instruments conveying Ms title to same to the Wife, the Wife does hereby agree to waive any and all future alimony payments and dower award and to relinquish same in its entirety for all time.
“9. The parties hereto do herewith acknowledge, each to the other, that they have no further claim in any property, real or personal, now possessed by either of them, including all household furniture, or wMch may hereafter be acquired by either of them, and that each has no interest in the estate' of the other; and that this Agreement constitutes a full and complete settlement of all property rights of Husband and Wife or claims of interest therein.
* * * * *
“11. The parties agree that the provisions of this Agreement shall survive any decree of divorce and shall at all times be binding upon the parties hereto, their heirs and personal representatives.”
* * * * *