RAWLS, Judge.
Defendant insurance company has appealed a summary final judgment awarding the policyholders a money judgment for the value of personal property stolen from plaintiffs’ home in Jacksonville. Appellant contends that the trial judge erred in entering a final summary judgment for the total claim of damages made by the ap-pellees.
Appellees attached to their motion for summary judgment copies of the proof of loss filed by them with the insurance company in which they had itemized with particularity several hundred articles of personal property stolen from their home, together with the purported or actual cash value of same. The stolen articles consisted primarily of antique and contemporary jewelry and silverware. The extensive claim detailed the stolen items under the following classifications: I. Silver service. II. Candelabra. III. Trays (silver). IV. Bowls (silver). V. Platters (silver). VI. Assortment. VII. Flatware. VIII. Linens. IX. Jewelry. X. Money, sweaters, linen from guest room, gloves, miscellaneous. Appraisals were made by four qualified individuals. Appellant offered no proof by way of affidavit, deposition or otherwise to dispute the appraisals submitted by appellees; however, appellant chose to depose appellees’ appraisers and it is by reason of their depositions that appellant contends that there exists a genuine issue of fact with respect to the value of the stolen property; and therefore, the trial judge erred in entering a summary judgment.
In New York Central Mutual Fire Insurance Company v. Diaks,[1] the Supreme Court analyzed what it termed the more basic issue on appeal, namely the propriety of the measure of damages in the cause, and made the following observation:
“The record as a whole discloses that all parties recognized from the outset that there was no real market for used equipment of the nature involved from which market value could be determined or inferred. There was no objection to the introduction of evidence of replacement cost, less depreciation and salvage * * Whatever method plaintiff may have used in making up his schedule of losses, the court expressly found that the amounts shown on the schedule constituted ‘a comprehensive statement of losses as proven by a preponderance of the evidence.’ ”
A review of the contents of the affidavits and depositions of appellees and their expert witnesses leads us to the inescapable conclusion that the trial court properly entered the controverted summary final judgment. In reaching this conclusion we emphasize that appellant has not submitted one iota of evidence questioning the proof of loss. It has not questioned the competency of appellees’ expert witnesses. By
1. New York Central Mutual Fire Ins. Co. v. Diaks, 69 So.2d 786 (Fla.1954). *40 this appeal it takes the position that one or two isolated answers given by one witness in response to its leading questions created a material issue of fact. This record would have required the granting of a directed verdict for the plaintiff had same been presented to a jury. The appellant having seen fit not to impeach the evidence proffered either by way of affidavits or other affirmative proof, is not now in a position to question the summary judgment.
Affirmed.
SPECTOR, J., concurs.
WIGGINTON, C. J., dissents.

. 29A Am.Jur., Insurance, § 1544.