217 So.2d 856 (1969)
TURNER PRODUCE COMPANY, Inc., a Florida Corporation, and Maryland National Insurance Company, Appellants,
v.
LAKE SHORE GROWERS COOPERATIVE ASSOCIATION, Appellee.
No. 1295.
District Court of Appeal of Florida. Fourth District.
January 14, 1969.
Rehearing Denied February 10, 1969.
*857 Larry Klein, of Cone, Wagner, Nugent, Johnson McKeown & Dell, West Palm Beach, for appellants.
John E. Baker, of Allen, Mathews & Baker, Belle Glade, for appellee.
CROSS, Judge.
Appellant-defendant, Maryland National Insurance Company, appeals from a final judgment entered in favor of the appellee-plaintiff, Lake Shore Growers Cooperative Association, in an action on a surety bond.
Defendant-surety, Maryland National Insurance Company, executed an agricultural dealer's bond pursuant to requirements of Chapter 604, Florida Statutes, F.S.A. The principal on the bond was one Turner Produce Company, Inc., a Florida corporation. Turner was a defendant in a lower court but is not a party to this appeal. The bond in question was dated September 1, 1964, with a provision that the effective date of the bond was to be September 10, 1964. The defendant-principal-debtor, Turner Produce, had been bonded during the year prior thereto with a surety other than the defendant-surety involved here.
At the time of the effective date of the bond, the defendant-principal-debtor, Turner Produce Company, Inc., was already indebted to the plaintiff-creditor, Lake Shore Growers Cooperative Association, in the sum of $13,131.00 for agricultural products that had been sold and delivered to the defendant-principal-debtor prior to that date. The first sale of agricultural products *858 by the plaintiff-creditor to the defendant-principal-debtor following the effective date of the bond occurred October 12, 1964, by which date the defendant-principal-debtor had reduced the balance of its prior indebtedness to the plaintiff-creditor to the sum of $6,445.00.
Subsequent to October 12, 1964, and during the period of the bond executed by the defendant-surety, Maryland National Insurance Company, the plaintiff-creditor, Lake Shore Growers Cooperative Association, sold and delivered to the defendant-principal-debtor, Turner Procedure Company, Inc., agricultural products to the total value of $13,684.00. During the term of the bond and subsequent to October 12, 1964, the defendant-principal-debtor paid to the plaintiff-creditor the total sum of $13,839.00, so that at the termination of the business dealings between the defendant-principal-debtor and the plaintiff-creditor, at which time the bond of the defendant-surety was in full force and effect, the defendant-principal-debtor was indebted to the plaintiff-creditor for agricultural products sold and delivered in the sum of $6,290.00. There was no evidence as to the source from which the defendant-principal-debtor obtained the $13,839.00, which was paid to the plaintiff-creditor.
In making the payments referred to above, the defendant-principal-debtor, Turner Produce Company, Inc., did not designate or specify any particular sale or invoice to which such payment should apply, nor were any specific instructions given to the plaintiff-creditor, Lake Shore Growers Cooperative Association, as to the application of such payments. Upon some of the payment checks issued by the defendant-principal-debtor to the plaintiff-creditor invoice numbers may have been reflected or the checks may have been in the exact amount of a previously issued invoice. The plaintiff-creditor upon receiving payments from the defendant-principal-debtor applied each payment to the invoice number reflected upon the payment check, if any, or it applied the payment to the invoice which corresponded in amount with the sum of the check received. Where the payment received did not reflect an invoice number nor correspond to the amount of a previously issued invoice, the plaintiff-creditor applied the payment to the oldest outstanding invoice at the time of payment.
At no time during the business transactions between the defendant-principal-debtor, Turner Produce Company, Inc., and the plaintiff-creditor, Lake Shore Growers Cooperative Association, was the plaintiff-creditor aware of the fact that the defendant-surety, Maryland National Insurance Company, was surety upon the bond required of the defendant-principal-debtor pursuant to Chapter 604, Florida Statutes 1961, nor during such time did the defendant-surety contact the plaintiff-creditor in connection with application of payments received from the defendant-principal-debtor.
The plaintiff-creditor, Lake Shore Growers Cooperative Association, filed its complaint against the defendant-principal-debtor, Turner Produce Company, Inc., before the Commissioner of Agriculture pursuant to Section 604.21, F.S. 1961, F.S.A. The defendant-surety, Maryland National Insurance Company, received notice of the said complaint. However, neither the defendant-surety nor the defendant-principal-debtor responded to the complaint, and thereafter the commissioner entered an order finding in favor of the plaintiff-creditor. Copies of said order were furnished to both the defendant-surety and to the defendant-principal-debtor. Neither the defendant-surety nor the defendant-principal-debtor satisfied the commissioner's order within the time provided. Thereafter the plaintiff-creditor, pursuant to Section 604.21, F.S. 1961, F.S.A., instituted an action for damages and attorney's fees against the defendant-surety and the defendant-principal-debtor.
The defendant-principal-debtor, Turner Produce Company, Inc., failed to plead to the complaint and as a result thereof a default *859 judgment was entered against it. The defendant-surety, Maryland National Insurance Company, filed an answer and as an affirmative defense alleged that during the time the surety bond was effective the amounts owing to the plaintiff-creditor, Lake Shore Growers Cooperative Association, which had been covered by the bond had been paid; that the plaintiff-creditor had wrongfully applied certain payments made during the time in which the surety bond was effective to debts which actually pre-existed the effective date of the surety bond; that prior to the effective date of the surety bond there was another surety bond in effect written by a different surety company and it was that bond which covered the obligations which were the subject of this suit.
Plaintiff-creditor, Lake Shore Growers Cooperative Association, thereafter filed motion for summary judgment accompanied by supporting affidavits and exhibits. Motion for summary judgment was granted and final judgment entered in favor of the plaintiff-creditor against both the defendant-principal-debtor, Turner Produce Company, Inc., and the defendant-surety, Maryland National Insurance Company. It is from this final judgment that the defendant-surety now appeals.
The defendant-surety, Maryland National Insurance Company, raises the following sole point on appeal for our determination:
Where a debtor owes two debts to the same creditor, one of which is secured by a surety bond, and the debtor makes a payment to the creditor using funds for payment of which the surety is bound, may the creditor apply these funds to the debt which is not secured by the surety bond?
Generally, in absence of an agreement or equities in favor of the surety, the surety cannot compel the application of payments to that portion of the indebtedness of the principal for which he is surety. Where the debtor designates the application of payment, his designation is controlling with respect to the surety, but where the debtor does not designate the application of payments the creditor may apply them to any portion of the indebtedness and the surety has no right to insist on application to the debt for which he is liable. See 72 C.J.S. Principal and Surety § 144.
The rule as to the application of payments in the State of Florida is that the debtor who makes the payment may at the time direct its application to whatever account or item of indebtedness he wishes, and if he fails to do so the creditor may at any time make application of the payment as he desires. And if neither the debtor nor the creditor at the time of payment makes any application thereof, the law will appropriate it to the items of indebtedness according to the justice of the case, having in view the interests of third persons interested. See Alford v. Leonard, 1925, 88 Fla. 532, 102 So. 885; 70 C.J.S. Payment § 57.
A statement of facts stipulated by the parties and the affidavit of one John A. Rogers, the Manager of the plaintiff-creditor, Lake Shore Growers Cooperative Association, vividly illustrates that the evidence before the lower court at the time of the hearing on motion for summary judgment was that the plaintiff-creditor, Lake Shore Growers Cooperative Association, was given no specific instructions by the defendant-principal-debtor, Turner Produce Company, Inc., as to the application of any payments. In the stipulated statement under paragraph 7 and paragraph 4 of the affidavit of John A. Rogers it reads:
"7. In the making of payments referred to above, the defendant Turner Produce Company did not designate or specify any particular sale or invoice to which such payment should apply nor were any specific instructions given to *860 the plaintiff Lake Shore, as to the application of any such payments. * * *"
"Paragraph 4: At no time pertinent to the time involved in this action has the plaintiff received from Turner Produce Company, Inc., or anyone acting on its behalf any instructions as to the application of payments received by the plaintiff incident to products sold by the plaintiff to the defendant Turner Produce Company, Inc., and by reason thereof the plaintiff has applied such payments to the oldest invoice outstanding at the time of the payment and it was by this procedure that the specific claims heretofore filed with the Department of Agriculture were determined."
There is nothing in evidence to show that at any time of the receiving of the payments the plaintiff-creditor, Lake Shore Growers Cooperative Association had notice or knowledge as to the source of the funds from which the payment was made. This is vividly brought forth in the stipulated statement under paragraph 6, wherein it reads as follows:
"6. * * * There was no evidence as to the source from which Turner obtained the $13,839."
Since the plaintiff-creditor, Lake Shore Growers Cooperative Association, had no specific instructions as to the application of the funds received, nor any knowledge as to the source of said funds, it was able to make application of the payments it received from the defendant-principal-debtor, Turner Produce Company, Inc., in whatever manner it desired in keeping with the rule determined in Alford v. Leonard, supra.
The defendant-surety, Maryland National Insurance Company, further urges that since neither it nor the plaintiff-creditor, Lake Shore Growers Cooperative Association, had knowledge concerning the source of the funds the defendant-principal-debtor, Turner Produce Company, Inc., used to make payments to the plaintiff-creditor that this lack of knowledge creates a question of fact which precluded the entry of summary judgment in the court below. Defendant-surety asserts that this lack of knowledge entitled it to the inference precluding summary judgment that the moneys paid were the fruits of the very obligation covered by the surety bond and as such the plaintiff-creditor was required to apply such payments to the benefit of the surety in accordance with the doctrine established in United States for Use and Benefit of Crane Co. v. Johnson, Smathers & Rollins, 4 Cir.1933, 67 F.2d 121, wherein the court stated:
"* * * We are in accord with these decisions in so far as they hold that when a surety is bound on one of several debts of the principal debtor to a creditor, and a payment is made by the debtor to the creditor with the identical money for the payment of which the surety is bound, or with the proceeds or fruits of the very contract, business, or transaction covered by the obligation of the surety, the application of the payment to some other debt, with or without the direction or consent of the debtor, does not bind the surety; at least if the source of the funds is known to the creditor or person receiving the payment. * * *"
The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitled him to judgment as a matter of law. The courts held the movant to a strict standard. To satisfy his burden, the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Since it is not the function of the trial court to adjudicate genuine factual issues at the hearing on the motion for summary judgment, in ruling on the motion all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing *861 the motion. 6 J. Moore, Federal Practice, ¶ 56.15, at 2337 (2d ed. 1966).
The inference upon which the defendant-surety seeks to preclude summary judgment, i.e., that because of the lack of knowledge on the part of both parties concerning the source of the funds paid to the plaintiff-creditor an inference arises that the moneys paid were the fruits of the very obligation covered by the surety bond and therefore the plaintiff-creditor had to apply such payments to the benefit of the surety, must be raised by the proofs proffered at the hearing for summary judgment; it is not created from vapors in the atmosphere. If the moving party presents evidence to support the claimed non-existence of a material issue, he will be entitled to a summary judgment unless the opposing party comes forward with some evidence which will change the result; that is, evidence to generate an issue on a material fact. It is not sufficient for an opposing party merely to assert that an issue does exist. Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780.
In this case the movant, Lake Shore Growers Cooperative Association, tendered evidence sufficient to support its motion. It was incumbent thereafter upon the opposing party to come forward with counter evidence sufficient to reveal the genuine issue. The defendant-surety, Maryland National Insurance Company, filed nothing in opposition to the plaintiff-creditor-movant's motion for summary judgment which would tend to show that the moneys paid were in fact the fruits of the very obligation covered by the surety bond, nor were any proofs proffered which would give rise to this inference.
It is our conclusion that the trial judge was eminently correct in entering summary judgment in favor of the plaintiff-creditor, Lake Shore Growers Cooperative Association.
Affirmed.
McCAIN, J., and SMITH, SAMUEL S., Associate Judge, concur.