CROSS, Chief Judge
(dissenting):
I must of necessity respectfully dissent to that part of the majority opinion which would reverse the judgment in favor of Ahrens Materials, Inc., against R & W Contractors, Inc.
The law of payments as it is universally adhered to today generally is as follows:
1. The payment is applied as the debtor intends and so manifests to the creditor before or at the time of payment.
2. If the debtor fails to so indicate, the payment is applied as the creditor within a reasonable time determines.
3. If neither the debtor nor the creditor seasonably so indicates, the payment is applied as a just regard to its effect upon the debtor, the creditor and third persons make it desirable that it should be applied. This usually results in its application to the oldest, unsecured account.
4. If the debtor is under a duty to a third person to devote funds paid by him to the discharge of a particular debt, the payment must be so applied if the creditor knows or has reason to know of that duty. This is so despite the debtor’s contrary direction.
These rules of freedom of application of payments rest upon the concept that the money which the debtor is utilizing to make the payment is his own and is free for use as he pleases. The noted exception phrased in terms of duty rests on equitable considerations. Examples which the cases recognize without much conflict are where *90 the surety itself makes a payment to the debtor, or where the money which comes to the creditor from the debtor is the same money for the payment of which the surety is bound and the creditor knows the source of that fund. These rules are outlined in detail with illustrations, in the Restatement of the Law of Contracts, §§ 387, 388 and 394. They are also noted in 70 C.J.S. Payment §§ 50 and 80; 72 C.J.S. Principal and Surety § 144; and 40 Am. Jur., Payment, §§ 108 through 150; and in 21 A.L.R. 704; 57 A.L.R.2d 855; 41 A.L.R. 1297; 130 A.L.R. 198; and 166 A.L.R. 641.
The following cases have alluded to these propositions: Herrman v. Daffin, Mo.App.1957, 302 S.W.2d 313; Maryland Casualty Company v. City of South Norfolk, 4 Cir. 1932, 54 F.2d 1032 (cert. den. 286 U.S. 562, 52 S.Ct. 644, 76 L.Ed. 1295); First National Bank of Mandan v. Larsson, 1937, 67 N.D. 243, 271 N.W. 289; Depositors Holding Company v. Brown, 1933, 64 N.D. 222, 251 N.W. 295; United States to Use of General Electric Distribution Corporation v. Bell Construction Co., 7 Cir. 1955, 226 F.2d 99.
The courts of Florida are in accord with the above stated principles. Alford v. Leonard, 1925, 88 Fla. 532, 102 So. 885; Atlantic & Gulf Properties, Inc. v. Palmer, Fla.App.1959, 109 So.2d 768; Turner Produce Company, Inc. v. Lake Shore Growers Cooperative Association, Fla.App.1969, 217 So.2d 856.
Under the facts presented in the instant case, I am of the conviction that Ahrens Materials, Inc., the creditor, was not obligated either by law or equity to apply the payments made by J. D. Yaun Roofing Corporation, the debtor, to discharge the debt which R & W Contractors had guaranteed.
I would affirm the complete judgment of the lower court.