ROBERTS, Justice.
The decision of the District Court of Appeal, Fourth District, in Turner Produce Co. et al. v. Lake Shore Growers Cooperative Association, Fla.App. 4th, 1969, 217 So.2d 856, has been brought here for review by petition for certiorari on direct conflict grounds. Because of an apparent conflict with a statement of a general rule made by this court in Standard Accident Insurance Co. v. Bear, 1938, 134 Fla. 523, 184 So. 97, 127 A.L.R. 1, that might generate some confusion, we issued the writ.
The petitioner was a co-defendant in the trial court in a suit brought by the respondent, plaintiff below, on a surety bond issued by the petitioner covering its co-defendant, Turner Produce Company. The Produce Company was a “dealer in agricultural products” as defined by Sec. 604.15 (1), Fla.Stat., F.S.A., and as such was required to be licensed and to be covered by a bond conditioned “to secure the faithful accounting for and payment to producers * * * of the proceeds of all agricultural products handled or sold by such dealer.” Sec. 604.20(1), Fla.Stat., F.S.A, The plaintiff-respondent is a cooperative association of growers or “producers” of agricultural products. During the years 1963 and 1964 the plaintiff association sold and the Produce Company bought various agricultural products grown by association members. The Produce Company was bonded by the petitioner under a bond conditioned according to the statutory requirements, effective September 10, 1964. (Another surety company was on the Produce Company’s bond during the year preceding that date.) As of the effective date of petitioner’s bond, the Produce Company owed the plaintiff over $13,000 for produce sold and delivered to it by the plaintiff prior thereto. The first transaction between the plaintiff and the Produce Company after the effective date of the petitioner’s bond took place on October 12, 1964, by which time the Produce Company had reduced its indebtedness to the plaintiff to a little over $6,000.
Business transactions between the Produce Company and the plaintiff continued until some time in January 1965, at which time the Produce Company was forced to close its doors on account of its insolvency. During the' period covered by the petitioner’s bond, the plaintiff sold to the Produce Company products worth $13,684, and the Procedure Company made payments to plaintiff totalling $13,839. When a payment check carried an invoice number or was in the exact amount of an invoice, the payment was credited to such invoice. In the absence of these indicia, the plaintiff credited the payment to the oldest invoice outstanding at the time of payment. The plaintiff did not know that the Produce Company was bonded by the petitioner. There was no evidence as to the source from which the Produce Company obtained the $13,839 paid to the plaintiff during the term of petitioner’s bond.
After unsuccessfully prosecuting a claim through the Commissioner of Agriculture, the plaintiff filed suit on the bond against the Produce Company and the petitioner. Summary judgment in favor of the plaintiff was entered and affirmed on appeal in the decision here reviewed.
The petitioner contends here, as it did in the District Court, that neither the Produce Company nor the plaintiff had any right to apply the payments made by the Produce Company to the satisfaction of debts incurred prior to the effective date of the bond. In support of this contention the petitioner relies on a general rule stated by this court in the Standard Accident Insurance Company case, supra, 184 So. 97, 102, as follows:—
“The general rule is well established that a creditor must for a surety’s benefit apply to his debt all moneys and securities of the principal within his control which he has the right to so apply, and if he voluntarily surrenders or releases *278 same, the surety is discharged pro tanto.”
Implicit in this statement is the very relevant fact that this rule is applied only when the creditor knew — or should have known, see Barnett v. Concrete Placing Co., Inc., Fla.App.3d, 1960, 120 So.Zd 628—the source of the payment and that the surety has an equity in the money paid by the debtor. As stated in United States for Use and Benefit of Crane Co. v. Johnson, Smathers & Rollins, 4 Cir. 1933, 67 F.2d 121,
“It places no burden or hardship upon a creditor who has knowledge of the source of the money to require him to apply the payment to the guaranteed debt, while the contrary practice involves an injustice to the surety which the parties to the contract may easily avoid.”
In the decision here reviewed, the District Court held that, since the plaintiff had no specific instructions as to the application of the payments and no knowledge as to the source of the funds, it could apply the payments “in whatever manner it desired”. This holding is in accordance with the rule of Alford v. Leonard, 1925, 88 Fla. 532, 102 So. 885, cited in support thereof; and it is not contrary to the rule of the Standard Accident Insurance Company case, supra, as clarified above.
'Finding that the District Court’s decision is without error, the writ heretofore issued should be and it is hereby
Discharged.
ERVIN, C. J., DREW and CARLTON, JJ., concur.
THORNAL, J., dissents in part with opinion.