PER CURIAM.
Appellee, I. B. H. Liquor Corp., had two policies of content insurance for its premises. One policy was an open stock burglary policy covering merchandise, furniture, fixtures, etc., feloniously taken or damages because of burglary. This policy was issued by the appellee, Tiarks, a/k/a Lloyds, and had a maximum liability of $7500.00. The other policy, issued by Southern American Fire Insurance Company, covered damages for merchandise, furniture, fixtures, etc., which were lost as the result of a riot or civil disobedience.
I. B. H. Liquor Corp. suffered a loss during the riots and civil disobedience which occurred in the Liberty City area of Miami during August, 1968, when the Republican National Convention was being held in Miami Beach. It sustained a burglary on August 7, 1968, and extensive damages, loss of merchandise, chattels and fixtures as a result of a riot and civil disobedience on August 8, 1968. It brought suit to recover on its two policies. The trial court entered a summary judgment as to liability and submitted the question of damages and apportionment among the several defendants to a jury. The jury returned verdicts in favor of the plaintiff, assessing the total amount of the coverage on the Lloyds policy and rendering a verdict for the balance claimed against the defendant, Southern American Fire Insurance Company. Following the jury verdicts, the trial court entered an order on attorneys’ fees, pursuant to § 627.0127, Fla.Stat., F.S.A. This appeal ensued and the appellant contends that the trial court erred in denying its pretrial motion for severance, granting the motion for summary judgment as to liability, and that the amount awarded as attorneys’ fees was unreasonable. We affirm.
 No abuse of discretion has been shown by the trial judge in denying a severance; there was no issue of fact as to the loss sustained. The principal question was whether one or both of the insurance companies were liable therefor. It was clearly within the trial judge’s discretion to submit the matter of apportionment of the damages, if any, to the trier of fact. Florida East Coast Ry. Co. v. Lassiter, 58 Fla. 234, 50 So. 428; Beckwith v. Bailey, 119 Fla. 316, 161 So. 576; Lincoln Tower Corp. v. Dunhall’s-Florida, Inc., Fla.1952, 61 So.2d 474. The defendants conceded the issuance of the policies; the depositions and affidavits clearly indicated the loss, the existence of the riot or civil disobedience, and the burglary. Therefore, it was appropriate for the trial court to enter the partial summary judgment on liability. Standard Oil Company v. Dunagan, Fla.App.1965, 171 So.2d 622; General Fire and Casualty Company v. Bent, Fla.App.1967, 204 So.2d 38; Turner Produce Company v. Lake Shore Growers Cooperative Association, Fla.App.1969, 217 So.2d 856.
Lastly, as to the amount of attorneys’ fees, the appellant has failed to bring to this court the record made before the trial judge at the time of the award of these fees and, without such a record, this court cannot consider the reasonableness of said fees when the order granting same clearly indicates that it was entered after receiving the evidence. Worcester Mutual Fire Insurance Company v. Eisenberg, Fla.App.1962, 147 So.2d 575; Seraydar v. Seraydar, Fla.App.1965, 178 So.2d 32.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.