BARKDULL, Chief Judge.
Appellant, plaintiff in the trial court, seeks review of an adverse summary judgment. From the record on appeal, it appears that the appellant was involved in a three-car accident while traveling south on *261 the Palmetto By-pass. An automobile belonging to the appellee, while being driven by one of its employees, was traveling north on the By-pass when it was struck on the right side by a third party who was attempting to pass appellee’s driver. The impact on the appellee’s car caused it to be driven across the median strip, separating the north and southbound lanes of the traffic, into the appellant’s car. The appellant filed his complaint sounding in negligence solely against the appellee. Following the taking of depositions; the filing of affidavits by the appellant, the appellee’.s driver, the third driver, and the law enforcement officer who investigated the accident, the trial judge entered a summary final judgment in favor of the defendant, based upon “ * * * the pleadings, deposition of the Plaintiff, and the admissible portions of the affidavits before the Court * * * [emphasis added]
Upon this appeal, it was incumbent upon the appellant to demonstrate error. See: Green-Mar Builders, Inc. v. Pearlman, Fla.App.1959, 109 So.2d 601; DiVosta v. Boam Corp., Fla.App.1959, 110 So.2d 42. The appellant failed to accompany the record with the deposition of the plaintiff which, in part, contributed to the trial judge’s ruling. Therefore, this court does not have before it the entire record which was before the trial judge at the time he rendered the summary final judgment here under review. It was incumbent upon the appellant to bring the entire record to this court. See: Rule 3.6(b), Florida Appellate Rules, 31 F.S.A.; Greene v. Hoiriis, Fla.App.1958, 103 So.2d 226; Brown v. Householder, Fla.App.1961, 134 So.2d 801. However, notwithstanding this deficiency in the record, we have examined so much of it as is here and it is apparent that there was no genuine issue of material fact which would have prevented the trial judge from rendering the summary final judgment here complained of. Therefore, his actions are affirmed.
Affirmed.