176 So.2d 610 (1965)
Lawrence H. GLEIM, Appellant,
v.
Harold J. GLEIM, Appellee.
No. 64-1061.
District Court of Appeal of Florida. Third District.
June 29, 1965.
Rehearing Denied July 23, 1965.
Knuck & Anderson, Hialeah, for appellant.
Phillips & Phillips, Miami, for appellee.
Before CARROLL, HENDRY and SWANN, JJ.
*611 SWANN, Judge.
The appellant, defendant below, seeks review of a final judgment in replevin, after a trial without jury, in favor of the plaintiff, his brother. The parties are designated as in the trial court.
The plaintiff purchased an International Tractor and title was taken in his name, although possession came to be in the defendant. The defendant subsequently traded the International Tractor for a Kenworth Tractor and the title to the new vehicle also remained in the name of the plaintiff, with possession in the defendant. The plaintiff's demand for the vehicle was refused and an action in replevin was filed. The defendant answered and claimed ownership under a resulting trust.
On final hearing the trial court held for plaintiff. The defendant has appealed therefrom, claiming in essence that the evidence established a resulting trust and that the trial court erred when it failed to find that such a trust existed.
The defendant has failed to provide this court with a transcript of the testimony and we are unable to review and determine the sufficiency of the evidence. It is the responsibility and duty of the appellant to provide the appellate court with a record sufficient to review the matter assigned as error. Belfield v. Lochner, Fla.App. 1964, 162 So.2d 668; Cleeland v. Miami Lincoln-Mercury, Inc., Fla.App. 1964, 159 So.2d 260; Best v. Barnette, Fla.App. 1961, 130 So.2d 90; Robinson v. Foland, Fla.App. 1960, 124 So.2d 512. Failure to do so herein requires us to affirm the decision of the trial court.
It is therefore
Affirmed.