SWANN, Judge.
The plaintiff, Sydney Paper Co., sought injunctive and other relief, for the breach of a non-competition agreement, alleging, inter alia, that it had agreed to purchase substantially all of the assets of three corporations for a sum in excess of $25,000 in cash; and that as part of the consideration of the purchase price, the parties *42 agreed to a Non-Competition Agreement The defendant’s answer admitted the allegations relating to the execution of the agreement, denied the allegations relating to a violation of the agreement, raised certain affirmative defenses and counterclaimed. Following a final hearing, the chancellor entered a final decree adverse to the plaintiff, and the plaintiff now appeals.
In denying the plaintiff’s prayer for relief and dismissing the complaint with prejudice, the chancellor made extensive findings of fact and conclusions of law. The $25,000 consideration was found to constitute a part of the overall purchase price of some of the assets.
Of necessity we uphold the findings of the chancellor, since the appellant has not favored us with a transcript of the final hearing. It is the duty of the appellant, to see that a proper record is transmitted . to the appellate court. When no transcript of testimony is presented, the appellate court must assume that the findings of the chancellor were proven by competent testimony. See McClosky v. Martin, Fla.1951, 56 So.2d 916.
In addition, a reading of the Non-Competition Agreement, together with the purchase and sale agreement, indicates sufficient ambiguity in the terms of the agreements as to properly require the chancellor to make a determination of this fact so as to avoid a multiplicity of lawsuits. Once equity takes jurisdiction of a cause, it should settle all rights of the parties growing out of the transaction sued upon, as reflected by the pleadings and evidence adduced before the court, and do complete equity and justice to the parties appearing before the court. It should not leave any material .issues unresolved which would require future litigation for their adjudication. McNeill v. McNeill, Fla.App. 1961, 135 So.2d 785.
Under these circumstances, the appellant has failed to demonstrate that the chancellor committed reversible error and the final decree is therefore
Affirmed.