203 So.2d 664 (1967)
Elsie JOHNSON, Petitioner,
v.
TOWN OF EATONVILLE, Respondent.
No. 1367.
District Court of Appeal of Florida. Fourth District.
November 1, 1967.
William A. Jacob, of Law Office, J. Russell Hornsby, Orlando, for petitioner.
John D. Haines, of Winderweedle, Haines & Ward, Winter Park, for respondent.
PER CURIAM.
Petitioner, Elsie Johnson, by writ of certiorari seeks review of a judgment of a circuit court affirming a judgment of the Municipal Court of the Town of Eatonville, Florida, respondent, which adjudged the petitioner guilty of disobeying a stop sign, disorderly conduct, resisting arrest and imposing a fine.
The petitioner contends (1) that the trial court did not have proper jurisdiction over the person of the petitioner to try her on the offenses, (2) that the offenses set forth in the warrant were not supported by a sworn affidavit, and (3) the warrant was invalid because of duplicity.
The petitioner has failed to favor us with a transcript of the proceedings the petitioner seeks to have reviewed. The petitioner has attached remnants of the transcript to her brief and has made them a part of the appendix. These sketchy remnants of the transcript are insufficient for this court to review the cause before us. When no transcript of the proceedings is presented or when remnants of a transcript are presented which do not contain essential portions of the proceedings pertaining to the issues upon which the petitioner seeks review the appellate court must assume that the trial court ruled correctly. See Sydney Paper Co. v. Gans, Fla.App. 1966, 193 So.2d 41; *665 McClosky v. Martin, Fla. 1951, 56 So.2d 916.
The petitioner has labeled certain documents and papers by various names which she desires to give them without any substantiation in the record as to the correctness of the label. It is the responsibility and the duty of the petitioner to provide the appellate court with a record sufficient to review the matter assigned as error. Gleim v. Gleim, Fla.App. 1965, 176 So.2d 610; Belfield v. Lochner, Fla.App. 1964, 162 So.2d 668; Cleeland v. Miami Lincoln-Mercury, Inc., Fla.App. 1964, 159 So.2d 260. Petitioner has failed to supply a sufficient record.
Certiorari denied.
WALDEN, C.J., and CROSS, J., and WADDELL, THOMAS R., Jr., Associate Judge, concur.