OWEN, Judge.
Appellant obtained a California decree of divorce from appellee in 1967, in which decree appellant was awarded custody of the parties minor child, Aaron. Appellant and the child moved to Florida where they have resided continuously since that time. In 1971 appellee successfully applied to the California court for an order awarding him custody of the minor child. On the basis of that order, appellee applied to the Circuit Court of Broward County for writ of habeas corpus to obtain custody of the child. After hearing on the petition, the writ was granted and the appellant ordered to surrender custody to appellee. This is the order appealed.
Appellant tells us that the trial court heard six hours of testimony, but then entered its order granting custody to appellee, not on the merits of the best interests of the child, but solely on the basis of the California order. Of course, the best interest of the child is always the vital issue in cases of this type. Crane v. Hayes, Fla.1971, 253 So.2d 435. While it is true that the order appealed did not contain an expressed finding to the effect that the award of custody to appellee would be in the best interest of the child, neither does the order clearly indicate that the trial court did not base its decision upon a consideration of the best interests of the child. The record on appeal does not contain any of the proceedings had before the court at the hearing on the petition, nor has there been a stipulated statement of the facts filed. In the absence of a sufficient record we must presume that the trial court *344 applied the correct principle of law on the basis of competent evidence introduced at the. hearing. See Johnson v. Town of Eatonville, Fla.App.1967, 203 So.2d 664; Sydney Paper Company v. Gans, Fla.App. 1966, 193 So.2d 41.
The order appealed is affirmed.
REED, C. J., and WALDEN, J., concur.