974 So.2d 1140 (2008)
Shohrie SHOJAIE, Appellant,
v.
GABLES COURT PROFESSIONAL CENTER, INC. d/b/a Terrace Inn, Appellee.
No. 3D06-3128.
District Court of Appeal of Florida, Third District.
February 13, 2008.
*1141 Sina Negahbani, Miami; James M. Loren, Plantation, for appellant.
Petros and Elegant and William L. Petros, Coral Gables, for appellee.
Before GERSTEN, C.J., and RAMIREZ and CORTIÑAS, JJ.
CORTIÑAS, Judge.
Appellant, Shohrie Shojaie ("Shojaie"), seeks review of an order granting a new trial on the basis of a jury verdict being contrary to the manifest weight of the evidence.
Shojaie was employed by a hotel (the "Hotel") for approximately fifteen years prior to the Hotel's acquisition by appellee, Gables Court Professional Center, Inc. d/b/a Terrace Inn ("GCPC"). After GCPC became the Hotel's owner, Shojaie was offered what was essentially the same employment position she held under the previous management. Shojaie contends that, after GCPC's purchase of the Hotel, illicit activities were conducted on the premises with the consent, participation, or indifference of GCPC. Purportedly, the Federal Bureau of Investigation ("FBI") conducted an investigation of the Hotel and, shortly thereafter, Shojaie's employment was terminated.
It is Shojaie's position that her termination was in retaliation to the FBI investigation, for which GCPC blamed her. Shojaie eventually filed a complaint against GCPC alleging a violation of Chapter 448, Florida Statutes (2002), for prohibited retaliatory personnel action, defamation per se, false arrest, and intentional infliction of emotional distress. In response, GCPC filed an answer and affirmative defenses and a counterclaim for replevin. Shojaie later amended her complaint to include a count for abuse of process and sought punitive damages. Prior to the commencement of trial, GCPC dismissed its counterclaim.
The jury returned a verdict in favor of Shojaie on certain counts and awarded her $75,000 in compensatory damages as well as $425,000 in punitive damages. GCPC then filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial or for reduction or elimination of punitive damages (the "Post Trial Motion"). The trial court granted the Post Trial Motion in part, finding that a new trial was warranted because the verdict was "contrary to the manifest, probative force of the evidence." At the hearing on the Post Trial Motion, the trial court noted that Shojaie had changed her testimony and that it found specific witnesses testifying on behalf of GCPC to be credible.
"It is the responsibility and duty of the appellant to provide the appellate court with a record sufficient to review the matter assigned. . . ." Gleim v. Gleim, 176 So.2d 610, 611 (Fla. 3d DCA 1965). Although the order on appeal and the transcript of the hearing on the Post Trial *1142 Motion are included in the record, there is no transcript of the trial proceedings. Thus, we are unable to evaluate the evidence and testimony presented at trial to ascertain whether or not the trial court's findings and reasoning on the Post Trial Motion were well-founded.
When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.
Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979). Accordingly, in light of the inadequate record on appeal, we affirm the trial court's decision. Id.; see also Gleim, 176 So.2d at 611.
Affirmed.