30 So.3d 605 (2010)
PMG COLLINS, LLC, Petitioner,
v.
R AND G ENTERPRISES, LLC, Respondent.
No. 3D09-3171.
District Court of Appeal of Florida, Third District.
March 10, 2010.
Coffey Burlington and Daniel F. Blonsky, Miami, for petitioner.
Hall, Lamb, and Hall, and Andrew C. Hall, and Roarke Maxwell, Miami; Stratton & Feinstein, and Douglas D. Stratton, Miami Beach, for respondent.
Before, RAMIREZ, C.J., and CORTIÑAS, J., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
The defendant below in an action seeking rescission of a contract for the sale of a condominium unit seeks certiorari review of an order disqualifying its chosen counsel, Coffey Burlington, on the grounds that the law firm had previously personally represented one of the principals of the plaintiff LLC in unrelated matters. Without exploring any other infirmity in the order, the simple, acknowledged fact that counsel did not represent the plaintiff itself and thus cannot be in forbidden conflict with its interests renders the order completely unsupportable. Gonzalez v. Chillura, 892 So.2d 1075 (Fla. 2d DCA 2004) (finding that attorney's representation of a shareholder in a derivative suit did not create an attorney-client relationship between the attorney or his law firm and the corporation *606 and therefore, did not establish a basis for conflict in the shareholder's subsequent direct actions against the corporation); Anderson Trucking Serv., Inc. v. Gibson, 884 So.2d 1046, 1048 (Fla. 5th DCA 2004) ("One seeking to disqualify opposing counsel [is] required to show that ... an attorney/client relationship existed. ...")(citing State Farm Mutual Auto. Ins. Co. v. K.A.W., 575 So.2d 630, 634 (Fla.1991)); State v. Rabin, 495 So.2d 257 (Fla. 3d DCA 1986)("The burden of establishing the existence of an attorney-client relationship rests with the claimant."). Accordingly, the order is quashed.
Certiorari granted.
RAMIREZ, C.J., concurs.
CORTIÑAS, J. (dissenting).
I would deny the petition for the extraordinary writ of certiorari based on the petitioner's failure to provide a transcript of the evidentiary hearing during which the trial court considered this matter. See Shojaie v. Gables Court Prof'l Ctr., Inc., 974 So.2d 1140 (Fla. 3d DCA 2008).