# Third District Court of Appeal

## State of Florida

Opinion filed January 7, 2015.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D14-1736
Lower Tribunal No. 12-24729

————————————

**Azadeh Emaminejad,**
Appellant,

vs.

**Ocwen Loan Servicing, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Karen J. Barnet-Backer, for appellant.

Morris, Laing, Evans, Brock & Kennedy, CHTD, and Khari E. Taustin, Jeremy W. Harris, Masimba M. Mutamba, and Angela Barbosa Wilborn, for appellee.

Before ROTHENBERG, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

Azadeh Emaminejad (Borrower) seeks review of the amended final judgment of foreclosure entered in favor of Ocwen Loan Servicing, LLC (Lender). The arguments raised by the Borrower on appeal are 1) the Lender lacked standing to file and maintain the foreclosure action against it; 2) the Lender never provided record evidence that it owned the mortgage and promissory note at the time it filed the complaint; 3) the Lender was unable to satisfy the requirements for a lost note claim; 4) the evidence which the trial court allowed the Lender to present in support of its lost note claim was inadmissible hearsay; and 5) the Lender failed to satisfy a condition precedent to filing suit.

The most difficult, and ultimately insurmountable, obstacle faced by the Borrower is the lack of a trial transcript. The Borrower's assertions that the Lender lacked standing and did not prove the elements necessary for reestablishing a lost note contradict the trial court's findings in the amended final judgment. Under Florida law, "[w]hen reviewing a judgment rendered after a nonjury trial, the trial court's findings of fact come to the appellate court with a presumption of correctness and will not be disturbed unless they are clearly erroneous." Stone v. BankUnited, 115 So. 3d 411, 412 (Fla. 2d DCA 2013) (citing Taylor v. Richards, 971 So. 2d 127, 129 (Fla. 4th DCA 2007)). Here, the trial court found that "the allegations contained in the [Lender's] Complaint have been proven by competent evidence and the equities in this case are with the [Lender]." Moreover, the trial

2

court also found that although the Lender was not in possession of the original note at the time of trial, the Lender "was in possession of the original note and entitled to enforce it when the loss of possession occurred." The trial court further determined that the loss of possession of the note was due to "inadvertent misplacement of the instruments while files were mailed to counsel for the servicer" and that loss of possession did not result from either a transfer by the Lender or a lawful seizure. Additionally, the amended final judgment provided that the Lender "made proof of the terms of the lost note" and "is the owner of said note."

The Borrower has not, and given the record before this Court cannot, demonstrate that the trial court's findings are clearly erroneous. For example, the copy of the note attached to the original verified complaint, as well as the amended verified complaint, contains an allonge that clearly makes the note payable to the Lender. Likewise, the record shows that the Lender's amended answers to the Borrower's first set of interrogatories attached a copy of the assignment of mortgage from the original mortgagee to the Lender. In light of these documents, and without any proof to the contrary from the trial, we cannot find any error in the amended final judgment warranting reversal.

With respect to the evidence regarding the satisfaction of a condition precedent by issuing a notice of default, absent a transcript, the Borrower cannot

demonstrate that it was able to show at trial that the condition was not satisfied. The Borrower also goes on to challenge the trial court's discretionary evidentiary rulings regarding the admission of evidence to establish the circumstances under which the note was lost. Absent a transcript, it is all but impossible for this Court to review what was presented to the trial court as evidence and what arguments were made against the admission of this evidence.

> When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not [sic] properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.

Shojaie v. Gables Court Prof'l Ctr., Inc., 974 So. 2d 1140, 1142 (Fla. 3d DCA 2008) (quoting Applegate v. Barnett Bank, 377 So. 2d 1150, 1152 (Fla. 1979)). All of the challenges made by the Borrower basically rest on this Court's review of the evidence and arguments made at trial, neither of which can be done in the absence of a transcript. Based upon what is available in the record, and without proof of anything from the trial to the contrary, we affirm.

Affirmed.