# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1219
Lower Tribunal No. 11-10203
_____

**All Counties Surplus LLC, Tatiana Escalada, and Carlos Mesber,**
Appellants,

vs.

**Flamingo South Beach I Condominium Association, Inc., Marysol Tobon and Mar Y Sol International Realty, LLC,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

Michael Farrar, for appellants.

Garcia-Menocal Irias & Pastori LLP, and Jorge Garcia-Menocal; The Bravo Law Firm, PLLC, and Jason Bravo, for appellees.

Before SALTER, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

In this post-foreclosure dispute, Tatiana Escalada and Carlos Mesber, the original owners of real property that was the subject of a foreclosure action, seek review of the trial court's order disbursing surplus funds from the foreclosure sale to Marysol Tobon and Mar Y Sol International Realty, LLC, the third party purchasers of the property. The third party purchasers, in turn, have cross-appealed the trial court's denial of their objections to the foreclosure sale. We reverse the trial court's order as to the disbursement of the surplus funds, but affirm as to the denial of the objections to the sale.

A final judgment of foreclosure was entered and the property was ultimately sold to the third party purchasers. The foreclosure sale price of the property exceeded the amount of the final judgment of foreclosure. The original owners filed motions to have the surplus funds transferred to them.

Meanwhile, the third party purchasers filed an objection to their own purchase of the property, alleging irregularities in the sale. They alleged their bid on the property was a mistake because they were unaware of a superior lien on the property. They also alleged that they had consulted with an attorney who assured them the property was a good investment, but they later discovered that the attorney represented the original owners of the property.

Following an evidentiary hearing where testimony was heard from one of the third party purchasers, Ms. Tobon, and the attorney she purportedly consulted,

the trial court denied the objection to the sale. The trial court also specifically found that "a return of monies in excess of the plaintiff's judgment to the original owners would be inequitable and unjust" and ordered that "[a]ny funds in excess of the Association's judgment plus accrued maintenance since the judgment are to be returned to [the third party purchasers]." These findings and the consequent return of surplus funds to the third party purchasers were erroneous.

The original owners correctly argue that the trial court improperly returned the funds exceeding the amount of the foreclosure judgment to the third party purchasers. The third party purchasers commendably and properly confessed error on this point. "[D]istribution of surplus foreclosure proceeds is governed by a plain and unambiguous statutory procedure which clearly provides that the owner of record is entitled to the surplus proceeds." Pineda v. Wells Fargo Bank, N.A., 143 So. 3d 1008, 1011 (Fla. 3d DCA 2014); see § 45.032(2), Fla. Stat. (2012) ("There is established a rebuttable legal presumption that the owner of record on the date of the filing of a lis pendens is the person entitled to surplus funds after payment of subordinate lienholders who have timely filed a claim.").[1] Furthermore, "[n]either the statutes nor the case law governing distribution of surplus foreclosure sale proceeds provides a mechanism authorizing a third-party purchaser to obtain the surplus." Pineda, 143 So. 3d at 1011.

---

[1] The statute specifies the circumstances under which the presumption is rebuttable.

Accordingly, we reverse the order on appeal to the extent it denied the motion for surplus funds filed by All Counties Surplus LLC and awarded any surplus funds to the third party purchasers, and remand with instructions that the improperly disbursed surplus funds be deposited back into the court registry, that the court consider any appropriate motions for surplus funds, and for further proceedings consistent with this opinion and section 45.032, Florida Statutes.

On cross-appeal, the third party purchasers seek review of the portion of the trial court's order denying their objections to the sale. The trial court treated the objection as a motion to vacate the sale and conducted an evidentiary hearing. After the hearing, the trial court entered findings that the third party purchasers had never hired the attorney at issue; Ms. Tobon, one of the third party purchasers, who was a real estate broker herself, had not conducted any bona fide investigation of the property; and the third party purchasers had bid on the property over thirty times during the online auction. Based on these findings, the trial court denied the objection.

"Trial courts' judgments pertaining to set asides of judicial foreclosure sales are now, as they always have been, subject to review by way of an abuse of discretion standard." Arsali v. Chase Home Fin. LLC, 121 So. 3d 511, 519 (Fla. 2013). There is no transcript of the evidentiary hearing in the record. As such, "we are unable to evaluate the evidence and testimony presented at trial to

4

ascertain whether or not the trial court's findings and reasoning . . . were well-founded." Shojaie v. Gables Court Prof'l Ctr., 974 So. 2d 1140, 1142 (Fla. 3d DCA 2008); see Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). For these reasons, we affirm the trial court's denial of the objection to the sale.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.