PER CURIAM.
Affirmed. Underwater Eng'g Servs., Inc. v. Utility Bd. of City of Key West, 194 So.3d 437, 444 (Fla. 3d DCA 2016) (holding: "In reviewing a judgment rendered after a bench trial, 'the trial court's findings *574 of fact come to the appellate court with a presumption of correctness and will not be disturbed unless they are clearly erroneous.' Thus, they are reviewed for competent, substantial evidence." (citing Emaminejad v. Ocwen Loan Servicing, LLC, 156 So.3d 534, 535 (Fla. 3d DCA 2015) ; Verneret v. Foreclosure Advisors, LLC, 45 So.3d 889, 891 (Fla. 3d DCA 2010) ) ). See also Friedman v. Virginia Metal Prods. Corp., 56 So.2d 515, 517 (Fla. 1952) (holding: "A word or phrase in a contract is 'ambiguous' when it is of uncertain meaning and may be fairly understood in more ways than one" and, under such circumstances, "parol testimony may be received, not to vary or change the terms of the contract, but to explain, clarify or elucidate" the ambiguity).