NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

2017 BELL RANCH RESIDENTIAL      )
LAND TRUST,                      )
                                 )
            Appellant,           )
                                 )
v.                               )      Case No. 2D17-4871
                                 )
CAROL BURRILL and WELLS FARGO    )
FINANCIAL SYSTEM FLORIDA, INC.,  )
                                 )
            Appellees.           )
_____  )

Opinion filed February 1, 2019.

Appeal from the Circuit Court for
Hillsborough County; Robert A. Foster,
Jr., Judge.

Ivan D. Ivanov of The Ivanov Law Firm,
P.A., Tampa, for Appellant.

Kimberly S. Mello and Joseph H.
Picone of Greenberg Traurig, P.A.,
Tampa, and Michele L. Stocker of
Greenberg Traurig, P.A., Ft. Lauderdale,
for Appellee Wells Fargo Financial
System Florida, Inc.

No appearance for Appellee Carol
Burrill.


NORTHCUTT, Judge.

Following a mortgage foreclosure, the judicial sale of the encumbered property resulted in a surplus.  The circuit court directed the clerk to disburse the surplus sale proceeds to the mortgagor rather than to the owner of the property, and the owner has appealed.  We reverse because the order violated statutes governing the distribution of such funds.

In June 2005, Carol Burrill gave a promissory note and attendant mortgage to Wells Fargo Financial System Florida, Inc.,[1] for the purpose of buying property in Brandon, Florida.  In December 2012, the 2017 Bell Ranch Residential Trust purchased the property subject to Wells Fargo's mortgage, and it recorded a quitclaim deed from Burrill.  In June 2014, Wells Fargo recorded a notice of lis pendens against the property and filed a complaint to foreclose its mortgage.  The complaint named Burrill and the Trust as defendants, the former as the debtor and the latter as the property owner.  It alleged that Burrill had defaulted on the note by failing to make any monthly payments beginning in July 2010.  Burrill did not respond to the complaint, and she was defaulted.

In August 2016, the circuit court entered a consent final judgment of foreclosure and ordered a public sale of the property.  The sale resulted in a surplus after payment of the judgment amount, postjudgment interest, and associated fees.  Both Burrill and the Trust filed motions for disbursement of the surplus funds, each claiming to have been the owner of the property at the time Wells Fargo recorded its notice of lis pendens.  The Trust attached to its motion a copy of the recorded quitclaim

---

[1]Wells Fargo Financial System Florida, Inc., appeared but did not participate in this appeal.

deed reflecting its ownership since December 2012—seventeen months before the lis pendens was recorded.

After a hearing, the circuit court ordered the surplus disbursed to Burrill. The court acknowledged that the Trust was the title owner. But it awarded the funds to Burrill based on the following reasoning:

> a. [Trust representative], acting on behalf of 2017 Bell Ranch Residential Land Trust paid Carol Burrill $1500 cash and promised Carol Burrill that he would pay her taxes, insurance[,] and mortgage for the property in exchange for title to the property.
>
> b. [Trust representative], acting on behalf of 2017 Bell Ranch Residential Land Trust failed to make any taxes, insurance[,] or mortgage payment for the property as promised.
>
> c. 2017 Bell Ranch Residential Land Trust had a duty to pay the taxes, insurance[,] and mortgage for the property.
>
> d. [Trust representative], acting on behalf of 2017 Bell Ranch Residential Land Trust had been renting the property for a profit.

On its face, the circuit court's order was contrary to the law governing the disbursement of a surplus after a judicial sale. Section 45.031(7)(d), Florida Statutes (2017), states, "If there are funds remaining after payment of all disbursements required by the final judgment of foreclosure and shown on the certificate of disbursements, the surplus shall be distributed as provided in this section and ss. 45.0315-45.035." Section 45.032(2) in turn provides:

> There is established a <u>rebuttable legal presumption that the owner of record on the date of the filing of a lis pendens is the person entitled to surplus funds</u> after payment of subordinate lienholders who have timely filed a claim. A person claiming a legal right to the surplus <u>as an assignee of the rights of the owner of record must prove to</u>

the court that such person is entitled to the funds.  At any hearing regarding such entitlement, the court shall consider the factors set forth in s. 45.033 in determining whether an assignment is sufficient to overcome the presumption.

(Emphases added.)

Section 45.033(1) iterates that there is "a rebuttable presumption that the owner of record of real property on the date of the filing of a lis pendens is the person entitled to surplus funds."  Significantly, under section 45.033(2) the presumption may be rebutted "only by" proof of either a voluntary or involuntary transfer or assignment from the record owner to the claimant of the right to collect the surplus.  (Emphasis added.)  In this case, no such assignment was alleged or found.  Thus, having determined that the Trust was the record owner of the property, the various other circumstances recited by the circuit court were legally superfluous and insufficient to overcome the Trust's entitlement to the surplus.  The order contravened the plain and unambiguous language of sections 45.032 and 45.033.  See All Ctys. Surplus LLC v. Flamingo S. Beach I Condo. Ass'n, 211 So. 3d 1096, 1097 (Fla. 3d DCA 2017) (determining that the language of section 45.032 is plain and unambiguous).

Accordingly, we reverse the order under review.  On remand, the circuit court shall award the surplus funds to the Trust.

Reversed and remanded with instructions.

MORRIS and BLACK, JJ., Concur.