# Third District Court of Appeal

## State of Florida

Opinion filed December 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0033
Lower Tribunal No. 23-18053-FC-04
_____

**Yitzchok Yoel Kasowitz,**
Appellant,

vs.

**Alison Ruth Kasowitz,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Vanessa L. Prieto Law Offices, LLC and Vanessa L. Prieto (Ft. Lauderdale), for appellant.

Diaz Reus & Targ, LLP and Michael Diaz, Jr. and Zhen Pan and Gabor Gazso von Klingspor and John Foster, for appellee.

Before FERNANDEZ, LOGUE and LOBREE, JJ.

PER CURIAM.

Affirmed. See McGuire v. Boscan, 337 So. 3d 124, 127 ("An order granting an injunction in the domestic violence context is reviewed for abuse of discretion." (quoting Chiscul v. Hernandez, 311 So. 3d 55, 57 (Fla. 4th DCA 2021))); Shojaie v. Gables Ct. Pro. Ctr., Inc., 974 So. 2d 1140, 1141 (Fla. 3d DCA 2008) ("It is the responsibility and duty of the appellant to provide the appellate court with a record sufficient to review the matter assigned . . . ." (quoting Gleim v. Gleim, 176 So. 2d 610, 611 (Fla. 3d DCA 1965))); Taylor v. Bateman, 927 So. 2d 1024, 1026 (Fla. 4th DCA 2006) ("The piecemeal transcripts deprived this court of the ability to review the record as a whole. Such record omissions are fatal to an appeal."); Fay v. Craig, 99 So. 3d 981, 982 (Fla. 5th DCA 2012) ("To a large extent appellants proceed at their peril when they furnish a partial transcript.").